No. 25285

**The People of the State of Colorado v. Henry E. Thomas**
(509 P.2d 592)

Decided April 30, 1973.

318

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, Edward L. Kirkwood, Deputy, for defendant-appellant.

Opinion by MR. JUSTICE HODGES.

The defendant was convicted of simple robbery. He argues on appeal that the identification evidence was insufficient and that the evidence did not establish all the elements of a robbery. The defendant also maintains the court erred in communicating with the jury out of the presence of the defendant and his counsel. We find no reversible error and therefore affirm.

The record discloses that a 17-year-old boy was working alone as a clerk at the registration desk at the Holiday Inn late at night when a man, described as being six feet tall, weighing 140-pounds, and between 28 and 35 years of age, approached the desk and asked for change. Suddenly, he altered his expression and demanded all the money in the cash drawer.

The young clerk testified that he turned over some of the

money because at the time he was "afraid" and "shook." According to the victim's testimony, his apprehension stemmed from the man's impatience, the threatening expression on his face, and the fact that he kept one hand ominously at his side out of view. The man scooped additional money out of the open drawer and fled.

The clerk described the man to police officers who arrived on the scene moments later. This description listed as apparel a brown pull-over V-neck sweater and a white cowboy hat made of straw material. No scars or facial hair were recalled, but the boy did mention bushy hair on the sides of the man's head, possibly an "Afro," which the boy noticed beneath the hat. These details, along with the physical characteristics of height, age, and other identification features were written onto an offense report which was admitted into evidence at trial.

Responding to a radio alert that was broadcast shortly after the crime, other officers stopped and questioned the defendant. Their testimony disclosed that the defendant was wearing a gray sweater with a maroon inner weave creating a shadow effect. He also wore a pressed straw cowboy hat that was cream colored or light tan. His hair was described as bushy on the sides and he had a mustache.

The complaining witness later picked the defendant out of a photographic lineup and positively identified him in the courtroom.

## I.

The trial court properly denied the defendant's motion for acquittal so far as that motion was based on alleged testimonial discrepancies as to the defendant's description. In our view, these discrepancies were not of great significance and do not even approach a situation in which we might hold that insufficiency, as a matter of law, is involved, thus, requiring the granting of a defendant's motion for acquittal. Here, the differences in the identification testimony, whether caused by some uncertainty about description of clothing or certain physical features, or by lack of thorough observation, go to its weight rather than to its

admissibility. It is therefore a jury question as to what weight it will give to the testimony of the several witnesses who described the defendant. *Raullerson v. People,* 157 Colo. 462, 404 P.2d 149 (1965).

## II.

■ Also, we perceive no insufficiency problem on whether the evidence demonstrated that a "robbery" took place. The defendant cites the lack of assault or the use of force and claims the evidence would only support a charge of theft. What the defendant ignores is that the statute under which he was convicted provides that "robbery is the felonious and violent taking of money . . . from the person of another by force or *intimidation.*" 1967 Perm. Supp., C.R.S. 1963, 40-5-1(1). (Emphasis added.) Compare with *People v. Reed,* 180 Colo. 16, 502 P.2d 952 (1972) which upheld an "aggravated" robbery conviction where there was mere intimidation plus pointing a gun.

■ As we have held in the past, "force or fear is the main element of the offense." *Rowan v. People,* 93 Colo. 473, 476, 26 P.2d 1066 (1933). *See also Campbell v. People,* 124 Colo. 8, 12, 232 P.2d 738 (1951), where we quoted *Rowan* with approval and stated that "putting [the victim] in fear and taking the property constitute the gist of the crime."

■ Here, there is clear proof that the victim was intimidated and put in fear. The victim testified in effect that he experienced fear and was intimidated by the robber's actions. Further, under the evidence, the jury could properly infer that the actions of the defendant were calculated to intimidate the victim. The trial court therefore properly denied the defendant's motion for acquittal on this insufficiency argument.

## III.

■ The defendant's third contention is that the court erred by responding to an inquiry from the jury in the absence of defendant and the defense counsel. We have examined in detail the record account of this situation. No more than a technical error is involved and we cannot

perceive any way in which it could have improperly prejudiced the defendant.

Apparently, the jury had already begun its deliberations when a request came from the jury to furnish them with "the police officers' report." In the absence of any trial counsel, the judge replied that "You have the officers' report," referring to the official report filed by the investigating officers who questioned the victim. The defendant speculates that the jury actually wanted the notes taken by the other officers who stopped the defendant shortly after the robbery. Even if the defendant's interpretation of the jury request is correct, they were requesting something which had not been admitted in evidence and which could not be considered by them in any event. None of the defendant's fundamental rights were affected no matter what the jury had in mind when the request was made, and the judge's reply did not add to or detract anything from the evidence. Certainly, the defendant's speculation concerning the mere possibility of prejudice is insufficient to warrant reversal. *Segura v. People,* 159 Colo. 371, 412 P.2d 227 (1966). See also *People v. Vigil,* 180 Colo. 104, 502 P.2d 418 (1972).

Judgment affirmed.

MR. JUSTICE GROVES, MR. JUSTICE LEE, MR. JUSTICE ERICKSON concur.