## No. 27260

**The People of the State of Colorado v. Theodore Lewis Gallegos, a/k/a Theodore Chavez**

(563 P.2d 937)

Decided April 18, 1977.                    Rehearing denied May 23, 1977.

Robert N. Miller, District Attorney, William G. Pharo, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Gene Beville, Deputy for defendant-appellee.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

The People appeal from the judgment of the Weld County District Court dismissing the third count of an information against defendant-appellee Theodore Lewis Gallegos. We reverse the district court and direct that the dismissed count be reinstated.

On May 7, 1975, an information was filed against defendant. Count three charged defendant with violating section 18-12-108, C.R.S. 1973,[1] possession of weapons by previous offenders. This section provides:

"Any person previously convicted of burglary, arson, or a felony involving the use of force or violence or the use of a deadly weapon, or attempt or conspiracy to commit such offenses, under the laws of the United States of America, the state of Colorado, or another state, within the ten years next preceding or within ten years of his release from incarceration, whichever is greater, who shall possess, use, or carry upon his person a firearm or other weapon mentioned in section 18-1-901(3)(h) or sections 18-12-101 to 18-12-106 commits a class 5 felony. * * *"

The information charged that defendant possessed a handgun on May 7, 1975, and that he had been convicted of attempted robbery on August 23, 1973. The attempted robbery conviction stemmed from defendant's threat to blow up a Greeley business unless its owner paid him $100.

Defendant moved to dismiss count three on the grounds that it failed to state an offense. Defendant contended that attempted robbery by threat

---

[1] Now section 18-12-108, C.R.S. 1973 (1976 Supp.).

to blow up another's property was not an offense which would bring him under the prohibition of section 18-12-108. The district court agreed and dismissed the count, and the People then appealed.

In dismissing count three of the information, the district court concluded that "[a]n attempt to commit a crime by means of a threat to blow up property of another person is not 'a felony involving the use of force or violence or the use of a deadly weapon.'" We do not agree. In our view, an attempted robbery by threat is a felony involving the use of force under the statute.

"Force" includes more than actual, applied physical force. "Force" is defined in *Black's Law Dictionary* 773 (4th rev. ed. 1968), as "constraining power, compulsion; strength directed to an end." Again, in *Merriam-Webster New International Dictionary* (Third Edition), p. 887, "force" is defined as, *inter alia*, "power, violence, compulsion, or constraint exerted upon or against a person or thing" and "violence or such threat or display of physical aggression toward a person as reasonably inspires fear of pain, bodily harm, or death." *Accord, Landry v. Daley*, 280 F.Supp. 938 (N.D. Ill. 1968); 36A C.J.S. *Force*.

These definitions of force, including compulsion by threatened violence, comport with our holding in *Davis v. People*, 112 Colo. 452, 150 P.2d 67. There we construed the phrase "by force" in the forcible rape statute as including "force or violence threatened as a result of noncompliance and for the purpose of preventing resistance, or extorting consent."

Our decision here both follows the principle of statutory construction that words should be given their familiar and generally accepted meaning, *Harding v. Indust. Comm.*, 183 Colo. 52, 515 P.2d 95, and furthers the purpose of section 18-12-108:
"* * * To limit the possession of firearms by those who, by their past conduct, have demonstrated an unfitness to be entrusted with such dangerous instrumentalities * * *." *People v. Trujillo*, 178 Colo. 147, 497 P.2d 1.

The judgment is reversed and the cause remanded with directions that the dismissed count be reinstated.

MR. JUSTICE CARRIGAN dissents.