## No. 28098

**The People of the State of Colorado v. Jerry Jenkins**

(599 P.2d 912)

Decided September 17, 1979.

Dale Tooley, District Attorney, O. Otto Moore, Assistant, Brooke Wunnicke, Chief Appellate Deputy District Attorney, for plaintiff-appellant.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Alexander Garlin, Deputy, Paul R. Bratfisch, Deputy, for defendant-appellee.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

The People appeal pursuant to section 16-12-102, C.R.S. 1973 (1978 Repl. Vol. 8) upon a question of law.

The defendant, Jerry Jenkins, was charged with possession of a weapon by a previous offender, in violation of section 18-12-108, C.R.S. 1973 (1978 Repl. Vol. 8), commonly called the "felon with a gun statute." He pled not guilty and trial was to a jury. At the conclusion of the People's case, the district court granted defendant's motion for judgment of acquittal. The People assign error to this ruling. We agree that the court erred, and, therefore, disapprove the judgment of acquittal.

The statute under which defendant was charged provides:

"Any person previously convicted of burglary, arson, or a felony involving the *use of force or violence* or the use of a deadly weapon, or attempt or *conspiracy to commit such offenses,* under the laws of the United States of America, the state of Colorado, or another state, within the ten years next preceding or within ten years of his release or escape from incarceration, whichever is greater, who possesses, uses, or carries upon his person a firearm or other weapon mentioned in section 18-1-901(3)(h) or sections 18-12-101 to 18-12-106 commits a class 5 felony. A second or subsequent offense under this section is a class 4 felony." (Emphasis added.) Section 18-12-108, C.R.S. 1973 (1978 Repl. Vol. 8).

The defendant was specifically charged with having in his possession a gun when he had previously been convicted of the crime of conspiracy to commit robbery, to which he pled guilty on September 24, 1975, in the district court of Adams County. The robbery statute then in effect provided:

"A person who takes anything of value from the person or presence of another by the use of *force, threats, or intimidation* commits robbery." (Emphasis added.) Section 18-4-301(1), C.R.S. 1973.

The prosecution did not present any evidence concerning the facts or circumstances of defendant's conviction for conspiracy to commit robbery.

The district court, at the hearing on the motion for judgment of acquittal, acknowledged that the People had produced evidence which, taken in the light most favorable to the prosecution, established that the defendant had a gun in his possession, and that previously he had in fact been convicted of the offense of conspiracy to commit robbery. However, the court ruled that, because the district attorney failed to show that the underlying previous felony, of which the defendant had admittedly been convicted, in fact involved the use of "force or violence," the proof was insufficient to sustain a conviction under the felon with a gun statute.

■ The court gave two reasons for granting the judgment of acquittal. First, it ruled that a conviction under the conspiracy provision of the felon with a gun statute requires a showing that the overt act of the conspiracy was an act of force or violence. We do not agree with this interpretation. The statute requires that there must have been a previous conviction for a crime involving the use of force or violence or, as in this case, a conviction for conspiracy to commit such a crime. The statute does not require that the overt act, which is an essential element of the crime of conspiracy, must itself involve force or violence. Rather, the crime which is the object of the conspiracy must be one of force or violence, as is the crime of robbery.

■ The second reason for its holding was that since robbery can be committed by intimidation, as well as by force, the mere proof of a conspiracy to commit a robbery, without more, was insufficient evidence of force or violence to warrant submitting to the jury the charge of possession of weapons by a previous offender. We do not agree with this ruling. We hold that robbery involving only the use of intimidation is a felony involving the use of force or violence.

As previously noted, the statute in effect at the time of the previous conviction defined robbery as the taking of anything of value from the person or presence of another "by the use of force, threats, or intimidation." In *People v. Gallegos,* 193 Colo. 108, 563 P.2d 937 (1977), the use of "threats" was held to bring an attempted robbery within the ambit of the felon with a gun statute. Applying the same analysis, the use of "intimidation" in the commission of a robbery is likewise sufficient to bring the offense within the statute. "Intimidation" is defined in *Black's Law Dictionary* 957 (rev. 4th ed. 1968) as "[u]nlawful coercion; duress; putting in fear." Also, in *Merriam-Webster New International Dictionary* (Third Edition) p. 1184, "intimidate" is defined as, *inter alia,* "to make fearful, frightened, compel action or inaction (as by threats)."

In *People v. Thomas,* 181 Colo. 317, 509 P.2d 592 (1973), one of the elements of the robbery statute there under consideration was "intimidation." This court noted that force or fear is the main element of the offense of robbery and stated that "'[P]utting [the victim] in fear and taking the property constitute the gist of the crime.'" Historically, this is in accord with the common law and there is no indication that our General Assembly has departed from the usual and customary meaning of the terms used in the statute. *See* 67 *Am. Jur. 2d Robbery* § 22 and cases therein cited.

■ Thus, this court concludes as a matter of law that the offense of robbery, whether committed by actual force, or by constructive force, *i.e.,* threats or intimidation, is a crime involving the use of "force or violence" for the purposes of section 18-12-108, C.R.S. 1973 (1978 Repl. Vol. 8). Accordingly, we hold that where one is charged under that statute with possession of a weapon, having previously been convicted of conspiracy to commit the crime of robbery, it is unnecessary to prove that the underlying robbery which was the object of the conspiracy did in fact involve the use of force or violence.

The ruling of the district court granting the motion for judgment of acquittal in this case is disapproved.

JUSTICE GROVES, JUSTICE ERICKSON and JUSTICE DUBOFSKY dissent.

JUSTICE GROVES dissenting:

I respectfully dissent. I do not regard either of the words "threat" or "intimidation," standing by themselves and without exposition of the facts under consideration, always to embrace force or violence.

The statute under which the defendant was charged contained a condition that he must have been previously convicted of conspiracy to commit "a felony involving the use of force or violence." The allegation in the information against him was that he had been "previously convicted of a felony involving the use of force and violence, in that on the 24th day of September, 1975 in the District Court, in and for the County of Adams, State of Colorado, [he] pled guilty to the crime of Conspiracy to Commit Robbery, a felony." The information gave no further details as to the object of that conspiracy. We must look, therefore, solely to the wording of the statute which, as set forth in the majority opinion, defines robbery as knowingly taking anything of value from another "by the use of force, threats or intimidation."

I concede that, if the trial judge was stating that the conspiracy itself must be accompanied by an overt act of force or violence, that would be error. Rather, the question here involves a determination under the

proposition that the *object* of the conspiracy must be one of force or violence. The majority opinion states that the terms "threats or intimidation" used in the robbery statute connotes force. I think not. The effect of the majority opinion is to say that "threats or intimidation" are an unnecessary part of the term "by the use of force, threats or intimidation."

As to "threats" the majority relies upon *People v. Gallegos,* 193 Colo. 108, 563 P.2d 937 (1977). There the situation was described as follows:

"The information charged that defendant possessed a handgun on May 7, 1975, and that he had been convicted of attempted robbery on August 23, 1973. The attempted robbery convictions stem from the defendant's threat to blow up a Greeley business unless its owner paid him $100."

There, force and violence were a part of the object of the conspiracy.

As stated, the robbery statute may be violated by *force, threats or intimidation.* In line with the rule of statutory construction which requires giving independent meanings to distinct portions of a statute, I conclude that robbery is not *per se* a crime of force or violence. I believe the General Assembly used three different words in the robbery statute because it intended to encompass different situations by its provisions.

I would approve the district court's ruling.

JUSTICE ERICKSON and JUSTICE DUBOFSKY join in this dissent.