Chase Riveland Executive Director, Department of Corrections Suite 2200, North Building 2860 South Circle Drive Colorado Springs, CO 80906
Dear Mr. Riveland:
I am writing in response to your request for a formal legal opinion regarding the mandatory housing of violent offenders in major institutions for at least 6 months. It is my understanding that the Department of Corrections ("the department") seeks clarification of this requirement which is found in section17-25-103, C.R.S. (1978). The answer to this question will help to assure that the department is complying with its statutory obligations concerning the mandatory housing of certain offenders in major institutions.
QUESTIONS PRESENTED AND CONCLUSIONS
1. What definition should the department use when identifying and defining violent offenders who must be housed in a major institution for at least 6 months?
 There is no statutory definition of violent offenders in the applicable statute. Thus, the department may define this term in accord with its familiar and generally accepted meaning.
2. In determining the satisfaction of the 6 month requirement, should the department consider only time spent within facilities operated by the department or should it also consider periods of presentence confinement and/or periods of confinement in a county jail awaiting receipt by the department after imposition of sentence?
 My conclusion is that in measuring the 6 month obligation the department should consider only time spent within facilities operated by the department, beginning with the inmate's arrival at the reception and diagnostic center.
ANALYSIS
Section 17-25-103 states, in pertinent part, "No adult felony violent or sex offender shall be placed by the department in a minimum security facility located in any county without first having been placed in at least one more restrictive setting for not less than 6 months." The department requests a definition of the term "violent offender." This term is not defined in article 25 of title 17.
According to accepted rules of statutory construction, "words in a statute are to be given their `familiar and generally accepted meaning'." Parkison v. Burley, 667 P.2d 780, 782
(Colo. 1983); see also, Alonzi v. People,198 Colo. 160 597 P.2d 560 (1979); People v. Gallegos,193 Colo. 108, 563 P.2d 937 (1977); Harding v. IndustrialCommission, 183 Colo. 52, 515 P.2d 95 (1973). Statutory construction is also addressed in section 2-4-101, C.R.S. (1980 Supp.), which provides: "words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."
Blacks Law Dictionary, 5th edition, defines "violence" as "the exertion of any physical force so as to injure, damage or abuse" and "violent" as, "displaying or proceeding from extreme or intense force." Webster's Third New International Dictionary of the English Language, Unabridged (G C Merrian Co., Springfield, Mass., 1971), defines "violence" as the "exertion of any physical force so as to injure or abuse" and "offender" as "one that violates a law, rule or code of conduct."
No definition of "violent offender" exists in any statute, but the term "crime of violence" is defined in section 16-11-309(2)(a), C.R.S. (1984 Supp.).[1] This definition has been incorporated into other sections of the Colorado statutes by specific references.[2] The department may consider this statutory definition of "crime of violence" when interpreting the term "violent offender" in section 17-25-103, but this statutory definition is not binding on the department for these purposes.
The second question relates to whether the department should consider time spent in confinement in a county jail when measuring the 6 month placement limitation in section 17-25-103. Of course, an inmate is entitled to credit for presentence confinement time ". . . against the term of his sentence for the entire period of such confinement." Section 16-11-306, C.R.S. (1984 Supp.). The 6 month period in section 17-25-103, however, is not a term of sentence, but merely a limitation on where certain inmates may be housed during the first 6 months of their sentences. Therefore, these inmates do not have a statutory right to have presentence confinement time considered when measuring the 6 month period during which they must be placed in a more restrictive setting than a minimum security facility.
A stronger reason for concluding that the 6 month period does not include time in county jail is found in the following portion of section 17-25-103: "Said six-month time period shall include any time spent by the inmate in any diagnostic unit operated by the department." Any person sentenced to a correctional facility shall be confined initially in the diagnostic center. Section16-11-308(2), C.R.S. (1984 Supp.). By including a specific statement that the 6 month period includes time in the diagnostic unit, and by the absence of any mention of presentence confinement or other county jail time, it was the apparent intent of the legislature that the 6 month period would not commence until the inmate was received at the diagnostic unit.
This conclusion as to the intent of the legislature is in keeping with the principle of statutory construction known asinclusio unius est exclusio alterius. "The maximinclusio unius est exclusio alterius . . . informs the court to exclude from operation those items not included in a list of elements that are given effect expressly by the statutory language." Williams v. Wohlgemuth, 540 F.2d 163, 169
(3d Cir., 1976). Thus, only the expression of time spent in the diagnostic unit means that effect should not be given to any time previous to the inmate's receipt in the diagnostic unit when calculating the 6 month housing limitation.
SUMMARY
There is no statutory definition of the phrase "violent offender" which appears in section 17-25-103 so the department may interpret the phrase in accord with its commonly accepted meaning.
The 6 month time period required by section 17-25-103 should begin upon the inmate's reception at any diagnostic unit operated by the department and should not include any time spent in presentence confinement.
Very truly yours,
 DUANE WOODARD Attorney General
CORRECTIONS CORRECTIONAL FACILITIES INMATES PRISONERS
Section 17-25-103, C.R.S. (1978)
CORRECTIONS, DEPT OF.
The Department of Corrections should use the common definition of "violent offender" when applying section 17-25-103, C.R.S. (1978). This 6 month requirement of housing violent offenders does not commence until the inmate is received in the Reception and Diagnostic Center.
[1] 16-11-309. Mandatory sentences for violent crimes.
 (2) (a) (I) "Crime of violence" means a crime in which the defendant used, or possessed and threatened the use of, a deadly weapon during the commission or attempted commission of any crime committed against an elderly or handicapped person or of a crime of murder, first or second degree assault, kidnapping, sexual assault, robbery, first degree arson, first or second degree burglary, escape, or criminal extortion, or during the immediate flight therefrom, or the defendant caused serious bodily injury or death to any person, other than himself or another participant, during the commission or attempted commission of any such felony or during the immediate flight therefrom.
 (II) "Crime of violence" also means any unlawful sexual offense in which the defendant caused bodily injury to the victim or in which the defendant used threat, intimidation, or force against the victim. For purposes of this subparagraph (II), "unlawful sexual offense" shall have the same meaning as set forth in section 18-3-411 (1), C.R.S., and "bodily injury" shall have the same meaning as set forth in section 18-1-901 (3) (c), C.R.S.
 (III) The provisions of subparagraph (II) of this paragraph (a) shall apply only to felony unlawful sexual offenses.
[2] See, Section 17-27-102(4), C.R.S. (1984 Supp.); Section18-1-105(9)(a)(I), C.R.S. (1984 Supp.); Section 19-1-103(2.1)(b), C.R.S. (1984 Supp.); Section 19-1-103(28), C.R.S. (1984 Supp.); Section 19-1-104(4)(c), C.R.S. (1984 Supp.).