# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3994

_____

United States of America,

        Appellee,

v.

Steven McKinney, also known as
Steven Patrick McKinney,

        Appellant.

\* Appeal from the United States
\* District Court for the Eastern
\* District of Missouri.

_____

Submitted:  April 14, 2003

Filed:  May 16, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and MELLOY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Steven McKinney appeals the district court's[1] denial of his motion to suppress evidence seized and statements made during his arrest and from the district court's decision to sentence him as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1).  We affirm.

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

I.

Police officers Jeremy Blanton and Tim Borstell were driving to the site of an automobile accident when Officer Blanton observed a black pickup truck several blocks north, driving at a high rate of speed and passing traffic in the parking lane. At the same time, Officer Borstell noticed a man at a nearby intersection, waving his arms to get the officers' attention. The officers drove up to the man, who then told the officers "that truck up there just hit me," pointing up the street toward the truck that Officer Blanton had observed. The officers then followed the truck (without their lights or siren on), observing it for all but approximately ten seconds, eventually finding it parked on a curb.

When the officers pulled up, the driver, Mr. McKinney, had already exited his vehicle and was looking around as if he were trying to find an avenue of escape. Officer Blanton ordered Mr. McKinney to put his hands on the truck--an order that Mr. McKinney did not follow. Officer Blanton then handcuffed Mr. McKinney and placed him under arrest for leaving the scene of an accident. As Officer Blanton was reading Mr. McKinney his *Miranda* rights, Mr. McKinney pulled a gun from his right rear pants pocket. Officer Blanton wrested the gun from Mr. McKinney, who was then placed under arrest for carrying a concealed weapon. After being read his *Miranda* rights, and indicating that he understood them, Mr. McKinney made oral and written statements.

Mr. McKinney maintains that the gun and the statements should be suppressed because the officers did not have a reasonable basis for stopping him, arguing in particular that there was insufficient information for the officers to identify Mr. McKinney's truck as being involved in the accident. We disagree. "[L]aw enforcement officers are entitled to rely on information supplied by the victim of a crime, absent some indication that the information is not reasonably trustworthy or reliable." *Clay v. Conlee*, 815 F.2d 1164, 1168 (8th Cir. 1987). In the circumstances present here, we agree with the district court that the accident victim's statement (as

well as his pointing) sufficiently identified Mr. McKinney's truck as involved in the accident and that the totality of the circumstances – including, the officers' own observations, the accident victim's identification of Mr. McKinney's truck, and Mr. McKinney's apparent pursuit of an escape route upon exiting his truck – clearly established probable cause to arrest Mr. McKinney for leaving the scene of the accident (and thus obviously reasonable suspicion to stop him as well). We also conclude that the seizure of the gun was lawful incident to his arrest, *see United States v. Riedesel*, 987 F.2d 1383, 1388 (8th Cir. 1993), and that Mr. McKinney knowingly and intelligently waived his *Miranda* rights. We thus hold that the district court did not err in denying Mr. McKinney's suppression motion.

## II.

Mr. McKinney next challenges his sentence as an armed career criminal. The Armed Career Criminal Act (ACCA) provides a sentence enhancement for individuals who have had at least three prior convictions for a "violent felony." 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year ... that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, ... or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The district court sentenced Mr. McKinney as an armed career criminal because he has two prior convictions for second-degree burglary and one prior conviction for attempted second-degree burglary under Missouri law.

Mr. McKinney concedes that the two burglary convictions constitute violent felonies under § 924(e)(2)(B), but he maintains that the prior conviction for attempted second-degree burglary does not. Directing our attention to comments to the Missouri attempt statute, Mo. Rev. Stat. § 564.011, Mr. McKinney argues that individuals may be convicted of attempted second-degree burglary based merely upon

preparation to commit a burglary, and thus his conviction for attempted second-degree burglary was not necessarily a violent felony for enhancement purposes.

We reject Mr. McKinney's contention. Under Missouri law, "[a] person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense." Mo. Rev. Stat. § 564.011.1. As we have previously observed, "[i]f an attempted burglary conviction is based on a statute which requires a substantial step towards the completion of the crime, then it qualifies as a predicate violent felony under the 'otherwise clause' of § 924(e). *United States v. Moore*, 108 F.3d 878, 880 (8th Cir. 1997) (citing *United States v. Solomon*, 998 F.2d 587, 589-90 (8th Cir. 1993), *cert. denied*, 510 U.S. 1026 (1993)). Because the Missouri attempt statute requires a "substantial step," and we do not believe that Missouri defines "substantial step" idiosyncratically, *see, e.g.*, *State v. Molasky*,765 S.W.2d 597, 600-02 (Mo. 1989); *State v. Sellars*, 98 S.W.3d 124, 128 (Mo. Ct. App. 2003), we believe that attempted second-degree burglary under Missouri law qualifies as a predicate violent felony under the ACCA. We thus conclude that the district court properly sentenced Mr. McKinney as an armed career criminal in the instant case.

### III.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.