# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3279

_____

United States of America,           *
                                         *

       Plaintiff - Appellee,       *
                                           *   Appeal from the United States

      v.                           *   District Court for the
                                           *   District of Nebraska.

John Forrest,                   *
                                           *

       Defendant - Appellant.    *

_____

Submitted: April 16, 2010
Filed: July 13, 2010

_____

Before LOKEN, BRIGHT and MELLOY, Circuit Judges.

_____

LOKEN, Circuit Judge.

John Forrest pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] determined that he has four prior violent felony convictions -- Colorado convictions for second degree burglary in 1986, robbery in 1988, and menacing in 1995, and a 2004 Kansas conviction for attempted burglary. The court sentenced Forrest to the mandatory minimum fifteen-year prison sentence prescribed if a defendant "has three previous convictions . . . for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). Forrest appeals,

_____

[1]The HONORABLE RICHARD G. KOPF, United States District Judge for the District of Nebraska.

arguing that none of the four convictions was for a violent felony as that term is defined in 18 U.S.C. § 924(e)(2)(B):

> any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Concluding that all four convictions were for violent felony offenses, we affirm.

In determining whether a state-law offense is a violent felony, "we apply the 'formal categorical approach' adopted by the Supreme Court in Taylor v. United States, 495 U.S. 575, 600, an analysis that focuses on the statutory elements of the offense rather than the particular facts underlying the defendant's prior conviction." United States v. Reliford, 471 F.3d 913, 915-16 (8th Cir. 2006), cert. denied, 550 U.S. 938 (2007). When the statute in question proscribed "discrete, alternative sets of elements, one or more of which was not, generically, a violent felony . . . we apply a modified categorical approach that reviews the charging document, jury instructions, plea agreement or plea hearing transcript, and comparable judicial records to determine whether the defendant was in fact convicted of a violent felony alternative." United States v. Salean, 583 F.3d 1059, 1061 (8th Cir. 2009) (quotation omitted), cert. denied, 130 S. Ct. 1566 (2010). At the outset, we reject Forrest's repeated contention that statutes which have a mens rea element of "knowingly" do not meet the "purposeful" behavior requirement of Begay v. United States, 553 U.S. 137, 144-45 (2008), a contention foreclosed by our recent decision in United States v. Wilson, 568 F.3d 670, 674 (8th Cir. 2009).

**1. Felony Menacing.** Forrest first argues that his 1995 Colorado conviction for felony menacing was not a violent felony offense. At that time, the Colorado statute provided: "A person commits the crime of menacing if, by any threat or

physical action, he knowingly places or attempts to place another person in fear of imminent serious bodily injury. . . .  [I]f committed by the use of a deadly weapon [menacing] is a class 5 felony."  Colo. Rev. Stat. Ann. § 18-3-206.

In United States v. Herron, 432 F.3d 1127, 1138 (10th Cir. 2005), cert. denied, 547 U.S. 1104 (2006), the Tenth Circuit held that this offense --  knowingly placing or attempting to place someone in fear of imminent serious bodily injury by the use of a deadly weapon -- "easily satisfies" the requirement of "the threatened use of physical force against the person of another" in § 924(e)(2)(B)(i).  Forrest urges us instead to follow United States v. Perez-Veleta, 541 F. Supp. 2d 1173, 1179 (D.N.M. 2008), which held that the modified categorical approach must be used in determining whether a Colorado felony menacing offense was a "crime of violence" under U.S.S.G. § 2L1.2(b)(1) because the statutory definition of deadly weapon includes "materials and substances," see Col. Rev. Stat. § 18-1-901, and the use of substances such as smoke or poison would "not necessarily include the threatened, attempted, or actual use of physical force."

We reject the analysis in Perez-Veleta because it fails to focus on whether the element of the felony menacing offense, "use of a deadly weapon," includes the requisite use of force.  As the Supreme Court explained in James v. United States, 550 U.S. 192, 208 (2007):

> the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, [involves the use, attempted use, or threatened use of physical force against the person of another].  One can always hypothesize unusual cases in which even a prototypically violent crime might not present a genuine risk of injury -- for example, an attempted murder where the gun, unbeknownst to the shooter, had no bullets.  (Citation omitted.)

-3-

The phrase "physical force" in § 924(e)(2)(B)(i) "means *violent* force -- that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 130 S. Ct. 1265, 1271 (2010). We agree with the Tenth Circuit that the elements of the Colorado felony menacing offense "in the ordinary case" easily satisfy this requirement. A threat that creates a fear "of imminent serious bodily injury" is a threat of physical force. Thus, a felony menacing conviction under this statute is categorically a violent felony under § 924(e)(2)(B)(i).[2]

**2. Robbery.** Forrest next argues that his 1988 Colorado robbery conviction was not a violent felony conviction. The statute provided that "[a] person who knowingly takes anything of value from the person or presence of another by the use of force, threats, or intimidation commits robbery." Colo. Rev. Stat. Ann. § 18-4-301. Forrest argues that "an infinite number of factual scenarios could be contemplated" that would violate this statute and not qualify as a violent felony, and the government failed to introduce a charging document describing the facts underlying his guilty plea. But this contention is contrary to the categorical approach. The question is not how Forrest committed the offense, but whether the offense, categorically, "has as an element the use, attempted use, or threatened use of physical force against the person of another" within the meaning of 18 U.S.C. § 924(e)(2)(B)(i).

The Colorado Supreme Court has consistently held that "the gravamen of the offense of robbery is the violent nature of the taking." People v. Borghesi, 66 P.3d 93, 100 (Colo. 2003); see People v. Bartowsheski, 661 P.2d 235, 244 (Colo. 1983) ("robbery is the application of physical force or intimidation against the victim . . . in the taking of property"); People v. Jenkins, 599 P.2d 912, 914 (Colo. 1979) (robbery whether committed by force, threats, or intimidation is a crime involving the use of

---

[2]We note that, even if the modified categorical approach applied, the relevant charging document alleged that Forrest used an automobile as a deadly weapon to place a law enforcement officer in fear of imminent serious bodily injury.

force or violence); <u>People v. Thomas</u>, 509 P.2d 592, 594 (Colo. 1973). We are bound by Colorado's interpretation of the substantive offense. <u>See</u> <u>Johnson</u>, 130 S. Ct. at 1269.

The Tenth Circuit has held that this Colorado robbery offense is a crime of violence under the comparable Guidelines provision because "[t]he statute requires the use of force, threat or intimidation, which all involve an element of violence." <u>United States v. Futrell</u>, 83 F.3d 434, 1996 WL 200602, at *1 (10th Cir. April 25, 1996) (unpublished); <u>accord</u> <u>United States v. Sawyer</u>, 588 F.3d 548, 555-56 (8th Cir. 2009) (applying an Arkansas robbery statute). We agree and therefore conclude that this robbery offense was a violent felony conviction under § 924(e)(2)(B)(i). Therefore, we need not consider whether the offense also qualifies as a violent felony under the "otherwise involves" clause in § 924(e)(2)(B)(ii). <u>See</u> <u>United States v. Hennecke</u>, 590 F.3d 619 (8th Cir. 2010).

**3. Attempted Burglary.** Forrest next argues that the district court erred in concluding that his 2004 Kansas conviction for attempted burglary was a violent felony conviction. "Burglary" is one of the offenses specifically enumerated in 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court held in <u>Taylor</u> that the enumeration includes only "generic" burglary offenses, that is,"an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." 495 U.S. at 598. In <u>James</u>, the Court held that, while attempted burglary is not an enumerated offense, a Florida conviction for attempted burglary of a structure was a violent felony offense under the residual "otherwise involves" clause in § 924(e)(2)(B)(ii) because, so long as state law "requires an overt act directed toward the entry of a structure," attempted burglary "poses the same kind of risk" as its closest analog among the enumerated offenses, completed burglary. 550 U.S. at 203, 206. The Kansas statutes here at issue defined attempt as "any overt act toward the perpetration of a crime done by a person who intends to commit such crime." Kan. Stat. Ann. § 21-3301. To prove an overt act under Kansas law, "[i]t must be shown

the defendant took a step beyond mere preparation so that some appreciable fragment of the crime was committed." State v. Chism, 759 P.2d 105, 110 (Kan. 1988).

At Forrest's sentencing hearing, the government introduced judicial records of the Kansas state court conviction. Count I of the three-count Information charged that Forrest unlawfully and knowingly entered "into a building, to-wit: the building at 129 S. First, Osborne, Kansas, Osborne Lumber Company . . . with the intent to commit a theft therein" in violation of Kan. Stat. Ann. § 21-3715(b). After Forrest pleaded not guilty, a Journal Entry of Change of Plea recorded that, pursuant to a plea agreement, the State moved to "amend Count I, Burglary, in violation of K.S.A. 21-3715(b) . . . to Attempted Burglary, in violation o[f] K.S.A. 21-3715 and K.S.A. 21-3301" and to dismiss the remaining counts; Forrest entered a plea of guilty to Count I as amended; and the Court found him guilty of "Count I as amended, Attempted Burglary, in violation o[f] K.S.A. 21-3715 and K.S.A. 21-3301."

On appeal, Forrest correctly notes that the modified categorical approach applies because the Kansas burglary statute includes unlawfully entering into a motor vehicle and is therefore broader than generic burglary. See § 21-3715(c); United States v. Stymiest, 581 F.3d 759, 768 (8th Cir. 2009), cert. denied, 130 S. Ct. 2364 (2010). He argues that the government failed to prove the violent felony upheld in James -- attempted burglary of a structure -- because the change-of-plea journal entry and the judgment did not specify which subsection of § 21-3715 he violated, and the government introduced "no amended charging document containing the amended language to which [he] pled."

The argument is creative, but like the district court we reject it. Count I of the Information charged Forrest with burglary of a building. The change-of-plea journal entry described the amendment to Count I and recited that Forrest pleaded guilty to the amended charge, attempted burglary, with "full restitution to the victim, Osborne Lumber Company," the victim identified in Count I. The judgment document, though

it mistakenly recites that Forrest was convicted of Count V rather than Count I, listed the offense (attempted burglary); the offense level; the date of the offense; the sentencing judge; and the case number, all of which corresponded to the Information and the change-of-plea journal entry. In these circumstances, the district court did not clearly err in finding that the description of the premises allegedly burgled in the Information described the premises Forrest later pleaded guilty to attempting to burgle. See United States v. Perry, 437 F.3d 782, 786-87 (8th Cir. 2006) (standard of review). Therefore, this was a violent felony conviction under the "otherwise involves" clause of § 924(e)(2)(B)(ii) as construed in James and in our pre-James decisions such as United States v. Strong, 415 F.3d 902, 907-08 (8th Cir. 2005), cert. denied, 546 U.S. 1130 (2006), and United States v. McKinney, 328 F.3d 993, 995 (8th Cir. 2003).

**4. Second Degree Burglary.** Finally, Forrest argues that the government failed to prove that his 1986 Colorado conviction for second degree burglary was a violent felony conviction. At the time of Forrest's offense, the burglary statute, Colo. Rev. Stat. Ann. § 18-4-203, provided that a defendant "commits second degree burglary, if he knowingly breaks an entrance into, or enters, or remains unlawfully in a building or occupied structure with intent to commit therein a crime against a person or property." Because "building" was broadly defined to include vehicles "adapted for overnight accommodations," Colo. Rev. Stat. Ann. § 18-4-101(1), the statute was potentially over-inclusive under Taylor. Thus, the issue is whether the government proved by a preponderance of the evidence that Forrest pleaded guilty to a qualifying generic burglary offense with judicial records permitted under the modified categorical approach of Shepard v. United States, 544 U.S. 13, 26 (2005).

The government introduced the charging document, a criminal complaint alleging that Forrest committed second degree burglary in that he did "unlawfully, feloniously and knowingly break an entrance into and enter and remain unlawfully in the building and occupied structure of Kimmickinnic Realty . . . known as 'Birch

Apartments Office.'" This document clearly charged a generic burglary offense. But Forrest argues it is nonetheless inconclusive because (i) the complaint was captioned in the "County Court" of Boulder, Colorado, whereas the minute order recording Forrest's guilty plea and the judgment reflected that he was convicted in the "District Court" of Boulder County; (ii) the complaint has a different case number than the minute order and the judgment; and (iii) the minute order and the judgment simply recited that Forrest pleaded guilty to and was convicted of second degree burglary.

Whether Forrest pleaded guilty to the same generic burglary offense that was charged in the criminal complaint is a question of fact. Though the government did not produce documents or statutory authority conclusively establishing that criminal actions charged in Boulder County Court are then transferred to or disposed of in Boulder County District Court, we think the evidence was sufficient to permit the district court to find that the judgment reflecting Forrest's second degree burglary conviction was in fact a conviction for the generic burglary offense charged in the criminal complaint. All these court documents referred to Forrest by name and were created in 1986. The complaint charged Forrest with second degree burglary and conspiracy, and the judgment reflected that he was convicted of both charges. Moreover, Forrest was initially sentenced to a community treatment center. Later documents reflect that sentence was revoked when he was convicted of a robbery in 1988. Significantly, the later judgment described the burglary conviction that gave rise to the revocation proceeding as an offense that took place on the two days in 1986 alleged in the county court criminal complaint here at issue. The district court did not err in concluding that Forrest's second degree burglary conviction was for a violent felony offense enumerated in § 924(e)(2)(B)(ii).

The judgment of the district court is affirmed.

_____

-8-