FILED
United States Court of Appeals
Tenth Circuit

January 4, 2017

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellant,

v.

PAUL CHARLES CRUMP,

        Defendant - Appellee.

No. 15-1497
D. Colo.
(D.C. No. 1:15-CR-00123-WJM-1)

---

ORDER AND JUDGMENT[*]

---

Before **TYMKOVICH**, Chief Judge, **EBEL** and **BACHARACH**, Circuit Judges.

---

The question presented in this appeal is whether a conviction for robbery under Colorado law, Colo. Rev. Stat. § 18-4-301(1), is a "crime of violence" for purposes of the United States Sentencing Guidelines, USSG § 4B1.2(a) (2015). We concluded in *United States v. Harris*, No. 16-1237 (10th Cir. Dec. __, 2016), that because robbery in Colorado has as an element the use or threatened use of physical force against another person, it qualifies as a "violent felony" under the Armed Career Criminal Act's (ACCA) elements clause. *See* 18 U.S.C.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 924(e)(2)(B)(i). Like the ACCA, the sentencing guidelines include an identical elements clause in defining crimes of violence. *See* USSG § 4B1.2(a)(1). Applying the same reasoning outlined in *Harris*, we conclude Crump's Colorado robbery conviction qualifies as a crime of violence under § 4B1.2(a)(1).

Crump pleaded guilty to possessing a firearm in violation of 18 U.S.C. § 922(g)(1). Probation calculated Crump's base offense level as 24 under USSG § 2K2.1, believing he had two or more convictions for either a crime of violence or a controlled substance offense. One of the offenses probation relied on was a 2009 Colorado robbery conviction. Crump objected to the characterization of his robbery conviction as a "crime of violence." But probation rejected Crump's argument, opining that his robbery conviction qualified because robbery was enumerated as a crime of violence in the application notes to § 4B1.2. *See* § 4B1.2, Application Note 1 (2015) ("'Crimes of violence' includes murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses, *robbery*, arson, extortion, extortionate extension of credit, and burglary of a dwelling." (emphasis added)). The district court, however, sustained Crump's objection in an oral ruling, finding: (1) that the application note enumerating robbery as a crime of violence was not authoritative because it is inconsistent with the text of the guideline; and (2) that robbery in Colorado did not satisfy the elements clause in § 4B1.2(a)(1) because robbery does not necessarily require the use or threatened use of physical force. R. 108.

-2-

For the same reasons detailed in *Harris*, we disagree with the district court's finding that robbery in Colorado does not require the use or threatened use of physical force against another person. As we explained in *Harris*,

> [W]hether by force, or by threats or intimidation, we conclude that robbery in Colorado has as an element the use or threatened use of physical force against another person. The Colorado Supreme Court has emphasized that robbery requires a *violent* taking consistent with the common law, which comports with the definition of physical force provided by the Supreme Court in *Johnson* [*v. United States*, 559 U.S. 133 (2010)].

*Harris*, slip op. at __.

Therefore, we reverse the district court's finding that Crump's robbery conviction is not a crime of violence under § 4B1.2(a)(1) and remand for resentencing.[1]

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge

---

[1] Because we conclude Crump's robbery conviction qualifies as a crime of violence under the elements clause in § 4B1.2(a)(1), we do not reach the government's alternative argument that robbery qualifies because it was enumerated as a crime of violence in § 4B1.2's application notes. We note the sentencing commission recently amended the Guidelines to address this question going forward by moving robbery from the enumeration in the application notes to the text of § 4B1.2(a)(2). *See* 81 Fed. Reg. 4741, 4742 (2016).

United States v. Crump, No. 15-1497

**EBEL**, J., dissenting.


I conclude, contrary to the majority, that a Colorado robbery conviction is not categorically a "crime of violence" under U.S.S.G. § 4B1.2(a).

## I.  A Colorado robbery conviction does not necessarily require proof of the use, attempted use, or threatened use of physical force capable of causing physical pain or injury to another person

Under Colorado law, "[a] person who knowingly takes anything of value from the person or presence of another by the use of force, threats, or intimidation commits robbery."  Colo. Rev. Stat. § 18-4-301(1) (emphasis added).  A conviction for robbery committed by means of threats or intimidation does not necessarily require proof of "the use, attempted use, or threatened use of physical force against the person of another," U.S.S.G. § 4B1.2(a)(1) (emphasis added), where "physical force" is defined as "force capable of causing physical pain or injury to another person," Johnson v. United States, 559 U.S. 133, 140 (2010).

The Colorado Supreme Court, in interpreting the State's robbery statute, defines "intimidation" as "unlawful coercion; duress; putting in fear," as well as "to make fearful, frightened, compel action or inaction (as by threats)."  People v. Jenkins, 599 P.2d 912, 913 (Colo. 1979) (internal quotation marks, alteration omitted).  Although the Colorado Supreme Court decided Jenkins before its decision in People v. Borghesi, 66 P.3d 93 (2003), Borghesi, in noting "that the gravamen of the offense of robbery is the violent nature of the taking," cited to Jenkins approvingly.  Borghesi, 66 P.3d at 100-01.  Further,

in addressing another statute criminalizing theft by threat, the Colorado Supreme Court stated that a "threat" "is defined as a Declaration of purpose or intention to work injury to the person, property, or <u>rights of another</u> by the commission of an unlawful act. Black's Law Dictionary (4th rev. ed. 1968)." <u>Schott v. People</u>, 482 P.2d 101, 102 (Colo. 1971) (emphasis added).

The Colorado Supreme Court's definitions of "intimidation" or "threat" do not necessarily require proof of the use or threatened use of physical force sufficient to cause physical pain or injury to another person. There are a variety of other ways that a robbery victim could be threatened or intimidated into parting with his property besides the robber's use or threatened use of such physical force.

There is, then, a "realistic probability," <u>Moncrieffe v. Holder</u>, 133 S. Ct. 1678, 1685 (2013) (internal quotation marks omitted), that Colorado would prosecute a defendant for robbery committed by means of intimidation or threat without requiring proof of the use or threatened use of physical force capable of causing physical pain or injury against the person of another. In this regard, I agree with the district court's decision in this case and, therefore, conclude that a Colorado robbery conviction is <u>not</u> categorically a "crime of violence" for purposes of U.S.S.G. § 4A1.2(a)(1). <u>See also</u> <u>United States v. Estes</u>, Nos. 16-cv-01137-WYD, 05-cr-00187-WYD, Order at 7-9 (D. Colo. Sept. 15, 2016).

2

**II. U.S.S.G. § 4B1.2's application note 1 does not make a Colorado robbery conviction categorically a "crime of violence"**

The Government posits an alternative reason why Crump's Colorado robbery conviction should categorically be deemed a "crime of violence" under U.S.S.G. § 4B1.2(a). The Government contends that, even if a Colorado robbery conviction does not have "as an element the use, attempted use, or threatened use of <u>physical force</u> against the person of another," <u>id.</u> § 4B1.2(a)(1), application note 1 to that guideline includes "robbery" in a list of enumerated "crimes of violence."[1] The majority did not need to address this alternative argument. But I would reject it.

Application notes cannot be applied in a manner inconsistent with the text of a guideline. <u>See</u> <u>United States v. Armijo</u>, 651 F.3d 1226, 1236-37 & 1236 n.12 (10th Cir. 2011); <u>see also</u> <u>Stinson v. United States</u>, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."). Because I conclude that a Colorado robbery conviction does not categorically qualify as a "crime of violence" under the text of the § 4B1.2, I would not apply § 4B1.2's application note to contradict that determination. <u>See</u> <u>Armijo</u>, 651 F.3d at 1233-35; <u>see also</u> <u>United States v. Bell</u>, —F.3d—, 2016 WL 6311084, at *3-*4 (8th Cir. Oct. 28, 2016) (following <u>United States v. Rollins</u>, 836 F.3d 737, 741-43 (7th Cir.

---

[1] After Crump's sentencing, the Sentencing Commission revised this guideline, effective August 2016, to list robbery as a "crime of violence" in the text of the guideline. <u>See</u> U.S.S.G. § 4B1.2(a)(2) (2016). But that later version of § 4B1.2 does not apply to Crump. <u>See</u> U.S.S.G. § 1B1.11(a). No one argues to the contrary.

3

2016), and <u>United States v. Soto-Rivera</u>, 811 F.3d 53, 58-60 (1st Cir. 2016), holding that § 4B1.2's application note 1 could not qualify a state robbery conviction as a "crime of violence" when that conviction did not meet the definition of "crime of violence" found in the text of the guideline).[2]

## III. Conclusion

For the foregoing reasons, I conclude, contrary to the majority, that a Colorado robbery conviction is <u>not</u> categorically a "crime of violence" under U.S.S.G. § 4B1.2(a).

---

[2] In its arguments on appeal, the Government refers to both U.S.S.G. § 4B1.2's application note 1 and § 2K2.1's application note 1. Neither application note can contradict my conclusion that Colorado robbery does not meet the definition of a "crime of violence" as defined in the text of § 4B1.2(a). For that reason, I need not further consider the nuances of the meaning of "robbery" as used or referred to in these application notes.