*804 EBEL, J.,
dissenting.
I conclude, contrary to the majority, that a Colorado robbery conviction is not categorically a “crime of violence” under U.S.S.G. § 4B1.2(a).
I. A Colorado robbery conviction does not necessarily require proof of the use, attempted use, or threatened use of physical force capable of causing physical pain or injury to another person
Under Colorado law, “[a] person who knowingly takes anything of value from the person or presence of another by the use of force, threats, or intimidation commits robbery.” Colo. Rev. Stat. § 18-4-301(1) (emphasis added). A conviction for robbery committed by means of threats or intimidation does not necessarily require proof of “the use, attempted use, or threatened use of physical force against the person of another,” U.S.S.G. § 4B1.2(a)(l) (emphasis added), where “physical force” is defined as “force capable of causing physical pain or injury to another person,” Johnson v. United States, 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010).
The Colorado Supreme Court, in interpreting the State’s robbery statute, defines “intimidation” as “unlawful coercion; duress; putting in fear,” as well as “to make fearful, frightened, compel action or inaction (as by threats).” People v. Jenkins, 198 Colo. 347, 599 P.2d 912, 913 (1979) (internal quotation marks, alteration omitted). Although the Colorado Supreme Court decided Jenkins before its decision in People v. Borghesi, 66 P.3d 93 (2003), Borghesi, in noting “that the gravamen of the offense of robbery is the violent nature of the taking,” cited to Jenkins approvingly. Borghesi, 66 P.3d at 100-01. Further, in addressing another statute criminalizing theft by threat, the Colorado Supreme Court stated that a “threat” “is defined as a Declaration of purpose or intention to work injury to the person, property, or rights of another by the commission of an unlawful act. Black’s Law Dictionary (4th rev. ed. 1968).” Schott v. People, 174 Colo. 15, 482 P.2d 101, 102 (1971) (emphasis added).
The Colorado Supreme Court’s definitions of “intimidation” or “threat” do not necessarily require proof of the use or threatened use of physical force sufficient to cause physical pain or injury to another person. There are a variety of other ways that a robbery victim could be threatened or intimidated into parting with his property besides the robber’s use or threatened use of such physical force.
There is, then, a “realistic probability,” Moncrieffe v. Holder, — U.S. -, 133 S.Ct. 1678, 1685, 185 L.Ed.2d 727 (2013) (internal quotation marks omitted), that Colorado would prosecute a defendant for robbery committed by means of intimidation or threat without requiring proof of the use or threatened use of physical force capable of causing physical pain or injury against the person of another. In this regard, I agree with the district court’s decision in this case and, therefore, conclude that a Colorado robbery conviction is not categorically a “crime of violence” for purposes of U.S.S.G. § 4A1.2(a)(l). See also United States v. Estes, Nos. 16-cv-01137-WYD, 05-cr-00187-WYD, Order at 7-9 (D. Colo. Sept. 15, 2016).
*805 II. U.S.S.G. § 4B1.2’s application note 1 does not make a Colorado robbery conviction categorically a “crime of violence”
The Government posits an alternative reason why Crump’s Colorado robbery conviction should categorically be deemed a “crime of violence” under U.S.S.G. § 4B1.2(a). The Government contends that, even if a Colorado robbery conviction does not have “as an element the use, attempted use, or threatened use of physical force against the person of another,” id. § 4B1.2(a)(l), application note 1 to that guideline includes “robbery” in a list of enumerated “crimes of violence.”[1] The majority did not need to address this alternative argument. But I would reject it.
Application notes cannot be applied in a manner inconsistent with the text of a guideline. See United States v. Armijo, 651 F.3d 1226, 1236-37 & 1236 n.12 (10th Cir. 2011); see also Stinson v. United States, 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993) (“[Cjommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous, reading of, that guideline.”). Because I conclude that a Colorado robbery conviction does not categorically qualify as a “crime of violence” under the text of the § 4B1.2,1 would not apply § 4B1.2’s application note to contradict that determination. See Armijo, 651 F.3d at 1233-35; see also United States v. Bell, 840 F.3d 963, 966-69 (8th Cir. 2016) (following United States v. Rollins, 836 F.3d 737, 741-43 (7th Cir. 2016), and United States v. Soto-Rivera, 811 F.3d 53, 58-60 (1st Cir. 2016), holding that § 4B1.2’s application note 1 could not qualify a state robbery conviction as a “crime of violence” when that conviction did not meet the definition of “crime of violence” found in the text of the guideline).[2]
III. Conclusion
For the foregoing reasons, I conclude, contrary to the majority, that a Colorado robbery conviction is not categorically a “crime of violence” under U.S.S.G. § 4B1.2(a).

. After Crump’s sentencing, the Sentencing Commission revised this guideline, effective August 2016, to list robbery as a “crime of violence” in the text of the guideline. See U.S.S.G. § 4B 1.2(a)(2) (2016). But that later version of § 4B1.2 does not apply to Crump. . See U.S.S.G. § 1B1.11(a). No one argues to the contrary.

. In its arguments on appeal, the Government refers to both U.S.S.G. § 4B1.2’s application note 1 and § 2K2.1’s application note 1. Neither application note can contradict my conclusion that Colorado robbery does not meet the definition of a "crime of violence” as defined in the text of § 4B 1.2(a). For that reason, I need not further consider the nuances of the meaning of "robbery” as used or referred to in these application notes.