NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOLSUM BAKERY INCORPORATED, | No. 16-16422 |
| Petitioner-Appellee, | D.C. No. 2:15-CV-00925-SPL |
| v. | MEMORANDUM[*] |
| BAKERY, CONFECTIONARY, TOBACCO WORKERS AND GRAIN MILLERS, LOCAL 232, | |
| Respondent-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven P. Logan, District Judge, Presiding

Submitted October 20, 2017[**]
San Francisco, California

Before: IKUTA and HURWITZ, Circuit Judges, and GWIN,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

1

Holsum Bakery Incorporated ("Holsum") operates a wholesale bakery in Phoenix. Local No. 232 of the Bakery, Confectionary, Tobacco Workers and Grain Millers Union ("the Union") entered into a collective bargaining agreement ("CBA") with Holsum in 2009 on behalf of some of Holsum's workers. In 2012, the Union filed a grievance to challenge Holsum's termination of its historical practice of paying "lap time" (short for "elapsed time") at one-and-one-half times an employee's hourly rate for shifts worked on scheduled days off. Holsum denied the grievance and the Union initiated arbitration. The arbitrator issued an award in favor of the Union.

Holsum then filed a complaint in district court under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and moved to vacate the arbitrator's award. The Union cross-moved to confirm the award. The district court granted Holsum's motion. We have jurisdiction over the Union's appeal under 28 U.S.C. § 1291 and reverse and remand with instructions to confirm the award.

1.      The district court erred in concluding that the arbitrator's award did not "draw its essence" from the CBA. *See Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173*, 886 F.2d 1200, 1205 n.6 (9th Cir. 1989) (en banc). An arbitration award must be upheld "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987).

2

This is true even if the reviewing court is "convinced that the arbitrator misread the contract or erred in interpreting it." *Va. Mason Hosp. v. Wash. State Nurses Ass'n*, 511 F.3d 908, 913-14 (9th Cir. 2007).

The arbitrator in this case concluded that the use of the word "all" in § 4.C of the CBA "means that every hour that is scheduled or required to be worked by an employee that is not voluntary is to be compensated." She also concluded that the specific language in § 4.C controlled over general language elsewhere in the CBA governing shift scheduling. And, the arbitrator found that, contrary to Holsum's assertions, employees did have regularly scheduled days off. Finally, she concluded that Holsum violated the CBA when it refused to pay "lap time" to "all employees who were scheduled or required to work on their scheduled day off." Because the arbitrator interpreted and applied the CBA in reaching these conclusions, the award, even if incorrect, drew its essence from the agreement.

2.      The district court also erred in concluding that the arbitrator's award was "so inconsistent and full of mistakes [that] any practical application of the Award is impossible" and therefore that "a final and definite award was not made." An award is enforceable "even in the face of erroneous misinterpretations of law" unless it "exhibits a manifest disregard of law." *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1105 (9th Cir. 2003) (citation omitted). At worst, the arbitrator in this case may have misinterpreted the CBA, but she did not disregard it, and the

3

plausibility of her interpretation is beyond judicial scrutiny. *Sw. Reg'l Council of Carpenters v. Drywall Dynamics, Inc.*, 823 F.3d 524, 531-32 (9th Cir. 2016). Nor is implementation of the award impossible; the award simply requires Holsum to award "lap time" pay to employees working on their regularly scheduled days off.

3.    The Union requests attorney's fees, citing Holsum's "unjustified refusal to abide by an arbitrator's award." *See Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc.*, 707 F.2d 425, 428 (9th Cir. 1983). But, Holsum did not refuse to abide by the arbitrator's award. Rather, it sought judicial review of the award, as was its right. Because Holsum's arguments were not "frivolous," *see United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382-83 (9th Cir. 1984), we deny the fee request.

**REVERSED and REMANDED.**