# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-4125

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff – Appellee; | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Jose Urbina-Mejia, also known as | * | District of South Dakota. |
| Jose Mejia-Gomercinda, also known | * | |
| as Jose Apineda, also known as | * | |
| Jose Mejia-Urbina; | * | |
| | * | |
| Defendant – Appellant. | * | |

———————

Submitted: May 16, 2006
Filed: June 20, 2006

———————

Before MURPHY, JOHN R.GIBSON, and BENTON, Circuit Judges.

———————

BENTON, Circuit Judge.

Jose Urbina-Mejia pled guilty to illegally reentering the United States after deportation in violation of 8 U.S.C. § 1326(a). At sentencing, the district court[1] applied a 16-level enhancement for an earlier conviction of a crime of violence.

———————————————

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

Urbina-Mejia appeals.  Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court affirms.

At sentencing, Urbina-Mejia contested the PSR's recommended 16-level enhancement based on an state conviction for aggravated battery.  He argued that the government had the burden to prove he was the same Jose Urbina-Mejia who committed that crime.  In response, the government submitted the Illinois criminal sentence forms of "Jose R. Urbina-Mejia."  Additionally, the PSR writer, James Johnson, testified that he used the National Crime Information Center (NCIC) database – which verifies records based on fingerprint analysis – and the criminal sentence forms to verify the state conviction.  The court found by a preponderance of the evidence that Urbina-Mejia was the same person and sentenced him to 57 months, the bottom of the Guidelines range.

Urbina-Mejia asserts the government failed to prove that he is the same Jose R. Urbina-Mejia who was convicted of aggravated battery in Illinois.  This court reviews the district court's interpretation and application of the advisory Guidelines de novo, and its factual findings for clear error.  *See **United States v. Ruiz***, 446 F.3d 762, 773 (8th Cir. 2006).  When the defendant objects to the PSR, additional evidence is required to establish the disputed fact.  *See **United States v. Poor Bear***, 359 F.3d 1038, 1042 (8th Cir. 2004).  The government must prove by a preponderance of the evidence that the disputed facts in the PSR are accurate.  *See **United States v. Cole***, 357 F.3d 780, 784–85 (8th Cir. 2004); *see also **United States v. Pirani***, 406 F.3d 543, 551 (8th Cir. 2005).

After Urbina-Mejia objected, the government produced several certified documents from Illinois, each listing "Jose R. Urbina-Mejia" as the defendant.  The documents do not list any other identification of the defendant.  Johnson, the PSR author, testified that the Illinois convictions were also in the NCIC database, which is based on fingerprint identification.  Johnson explained that during the five years in

which he prepared over 200 PSRs, he knew of one instance where the NCIC report attributed a conviction to the wrong person. He believed this was simply "input error," and after it was brought to the FBI's attention, the fingerprint analysis helped correct the mistake. Considering the Illinois documents and Johnson's testimony, the court found:

> Well, the probabilities of a mistake in the Court's view are low here, with one instance out of two hundred, and that being not a fingerprint error, but a coming from some sort of an encoding or administrative error, so the Court is satisfied by more than a preponderance of the evidence that this conviction applies to this defendant.

Urbina-Mejia argues the Illinois documents cannot be used to prove a prior conviction because they only contained a name, "Jose R. Urbina-Mejia," with no additional information to identify him as the same person. The cases he cites, though, do not support his position. Neither *Kubik v. United States*, 53 F.2d 763 (8th Cir. 1931), nor *United States v. Collins*, 340 F.3d 672 (8th Cir. 2003), hold that a document containing only a name is per se insufficient to establish a prior conviction for sentencing purposes. Likewise, in *Brady v. United States*, 24 F.2d 405 (8th Cir. 1928), the court quashed a grand jury indictment where there was no evidence "of a separate, distinct, and essential element of the offense," making it distinguishable from the present case. The out-circuit and state cases he cites similarly do not support his argument; they all involve proving a prior conviction as an element of the crime at trial, which carries a higher burden of proof than required at sentencing. *See **United States v. Thorpe***, 447 F.3d 565, 569 (8th Cir. 2006), *citing **United States v. Booker***, 543 U.S. 220, 266–67 (2005).

Urbina-Mejia also claims that Johnson did not testify directly about identity; he never actually inspected the fingerprints used in the NCIC analysis. "A court may consider any evidence in its sentencing determination that has sufficient indicia of reliability to support its probable accuracy." ***United States v. Marshall***, 411 F.3d 891,

894 (8th Cir. 2005); *see also **United States v. Sharpfish***, 408 F.3d 507, 511 (8th Cir. 2005). During the past five years, Johnson experienced one inaccurate NCIC report of over 200, and that was due to input error, not a fingerprint mistake. While Urbina-Mejia is entitled to put the government to its burden, he provides no evidence that the NCIC report is unreliable. Given the testimony and evidence, the district court found the probability of a mistake was low, and that the NCIC report had sufficient indicia of reliability to support its probable accuracy. *Cf. **United States v. Stobaugh***, 420 F.3d 796, 803 (8th Cir. 2005) (various state computer records of defendant's prior convictions had sufficient indicia of reliability and accuracy of information). Thus, the district court did not clearly err in finding by a preponderance of the evidence that Urbina-Mejia had a prior Illinois conviction for aggravated battery.

The judgment of the district court is affirmed.

_____