# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 06-1589

————————

United States of America,

        Appellee,

v.

Lucas Hardaway,

        Appellant.

\* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Eastern District of Arkansas.

[UNPUBLISHED]

————————

Submitted: March 16, 2007
Filed: March 22, 2007

————————

Before COLLOTON, HANSEN, and GRUENDER, Circuit Judges.

————————

PER CURIAM.

Lucas Hardaway pleaded guilty to possession with intent to distribute a mixture or substance containing more than 50 grams of cocaine base, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The district court[1] sentenced Hardaway to 135 months of imprisonment. Hardaway appeals his sentence, and after careful review, we affirm.

———————————————

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

Hardaway was indicted by a grand jury on one count of possession with intent to distribute more than 50 grams of cocaine base and pleaded guilty pursuant to a plea agreement with the Government. A Presentence Investigation Report (PSR) was prepared prior to sentencing and included a finding that Hardaway was responsible for 156.6 grams of cocaine base. This was based upon measurements taken on September 20, 2004, shortly after the drugs were seized. Hardaway objected to the drug quantity contained within the PSR, contending that the weight of the drugs was incorrect and that the amount should be 148.8 grams, the weight of the drugs when weighed on December 28, 2005. After receiving evidence from the Government, the district court found that the correct weight of the drugs was the initial weight taken near the time the narcotics were seized, and it overruled Hardaway's objection. After adopting the PSR, the court determined that Hardaway's base offense level was 34 and that he was eligible for a three-level adjustment for acceptance of responsibility, producing an adjusted offense level of 31. That, combined with Hardaway's category III criminal history, set the advisory Guidelines sentencing range at 135 to 168 months of imprisonment. The district court then sentenced Hardaway to the low end of the Guidelines range.

Hardaway contests the district court's factual finding that the weight of the drugs attributed to Hardaway was 156.6 grams. He contends that the district court erred in its finding regarding drug quantity and that the error produced an incorrect advisory range. Hardaway argues that the advisory range should have been based upon a base offense level of 32, not 34, which would have produced an adjusted advisory Guidelines range of 120 to 135 months (after taking into consideration the applicable statutory minimum sentence of 120 months, see 21 U.S.C. § 841(b)(1)). A district court's application of the Guidelines is reviewed de novo, while its fact-findings are reviewed for clear error. United States v. Tjaden, 473 F.3d 877, 879 (8th Cir. 2007). If the defendant objects to statements contained within the PSR, "[t]he government must prove by a preponderance of the evidence that the disputed facts . . . are accurate." United States v. Urbina-Mejia, 450 F.3d 838, 839 (8th Cir. 2006).

At the sentencing hearing, the Government produced several pieces of evidence to support the PSR finding that the drug quantity was over 150 grams. One was the original laboratory report from September 2004, showing that the cocaine base weighed 156.6 grams. The Government then submitted the supplemental lab report from December 2005. That report from the chemist noted that the reserve weight from the 2004 test was 155.1 grams, that the evidentiary seals were intact when the narcotics were re-weighed in December 2005, and that some weight loss may have occurred between September 2004 and December 2005 due to moisture loss. No objections were made to either report, and Hardaway did not provide any testimony to contradict the Government's evidence or rationale regarding moisture loss. He argues on appeal that the evidence put forth by the Government was insufficient to meet its burden of proof, and that the chemist's statement regarding moisture loss was not a definitive statement as to why the weight was lower in December 2005.

"'A court may consider any evidence in its sentencing determination that has sufficient indicia of reliability to support its probable accuracy.'" Id. at 840 (quoting United States v. Marshall, 411 F.3d 891, 894 (8th Cir. 2005)). The lab reports from the state laboratory and the memorandum from the chemist constitute sufficiently reliable evidence. The district court reviewed the reports and determined that the chemist's conclusions regarding moisture loss, as well as common sense, supported a finding that Hardaway was responsible for 156.6 grams of cocaine base. After reviewing the record, we hold that the district court did not clearly err in overruling Hardaway's objection to the PSR quantity findings, as the district court's factual findings regarding the drug quantity were supported by a preponderance of the evidence.

Accordingly, we affirm the district court's judgment.

_____