# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2396

_____

United States of America,  *
                           *
              Appellee,    *    Appeal from the United States
                           *    District Court for the
        v.                 *    Southern District of Iowa.
                           *
Jose Rojas-Garcia, also known as Alex,  *    [UNPUBLISHED]
                           *
              Appellant.   *

_____

Submitted: March 12, 2009
Filed: March 17, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jose Rojas-Garcia challenges the sentence the district court[1] imposed after he pled guilty to conspiring to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. In a brief filed under *Anders v. California*, 386 U.S. 738 (1967), counsel argues that (1) the district court clearly erred in holding Rojas-Garcia responsible for two prior drug convictions based on the government's sentencing evidence, (2) the government violated Rojas-Garcia's rights by refusing to file a

_____

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

substantial-assistance motion despite his cooperation, and (3) Rojas-Garcia received ineffective assistance of counsel at sentencing. We affirm.

We conclude that the district court did not clearly err in holding Rojas-Garcia responsible for the challenged drug offenses based on the evidence presented at sentencing: a fingerprint comparison report, a prior presentence report, and witness testimony. *See United States v. Urbina-Mejia*, 450 F.3d 838, 839-40 (8th Cir. 2006) (district court did not clearly err in finding that defendant had prior conviction based on National Crime Information Center data and witness testimony where defendant provided no evidence that crime-information report was unreliable). Counsel's argument regarding the government's failure to file a substantial-assistance motion is without merit, *see United States v. Godinez*, 474 F.3d 1039, 1043-44 (8th Cir. 2007) (government does not have duty to move for substantial-assistance departure unless plea agreement created duty); *United States v. Oransky*, 908 F.2d 307, 309 (8th Cir. 1990) (declining to consider government's refusal to file departure motion because issue was not presented to district court), and the ineffective-assistance claim is not properly raised in this direct appeal, *see United States v. Ramirez-Hernandez*, 449 F.3d 824, 827 (8th Cir. 2006).

Having reviewed the record in accordance with *Penson v. Ohio*, 488 U.S. 75 (1988), we find no non-frivolous issues. Accordingly, we deny Rojas-Garcia's motions for appointment of new counsel, and we affirm.

_____