**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4888**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

ANTONIO DONTEZ SCOTT,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (5:08-cr-00023-F-1)

Submitted:  August 26, 2009          Decided:  September 1, 2009

Before TRAXLER, Chief Judge, and GREGORY and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ronald Cohen, Wilmington, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Dontez Scott pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). He was sentenced to 180 months' imprisonment. On appeal, Scott argues the court improperly sentenced him as an armed career criminal career under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006). Specifically, he maintains that the district court improperly considered unverified database information as evidence of one of the predicate prior convictions. We affirm.

This court reviews do novo whether a prior conviction qualifies as a predicate conviction under the ACCA. United States v. Williams, 326 F.3d 535, 537 (4th Cir. 2003). Following United States v. Booker, 543 U.S. 220 (2005), a sentencing court continues to make factual findings concerning sentencing factors by a preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (2005). A sentencing court may consider any evidence at sentencing that "has sufficient indicia of reliability." U.S. Sentencing Guidelines Manual § 6A1.3(a) (2007). We review the district court's factual findings at sentencing for clear error. United States v. Farrior, 535 F.3d 210, 223 (4th Cir.), cert. denied, 129 S. Ct. 743 (2008).

2

At sentencing, the district court considered Scott's prior conviction for possession with intent to sell as a predicate conviction under the ACCA. Scott denied the prior conviction and argued that it was improperly included in the presentence report based only on the entry of his FBI number into the NCIC database. Later in the hearing, the probation officer produced the judgment of conviction to the court. Acknowledging there was no contrary evidence, the district court accepted the judgment and overruled Scott's objection.

We recognize several other courts have specifically approved the use of NCIC reports to establish prior convictions. See United States v. Urbina-Mejia, 450 F.3d 838, 839-40 (8th Cir. 2006) (approving use of NCIC records to verify state conviction); see also United States v. Martinez-Jimenez, 464 F.3d 1205, 1210-11 (10th Cir. 2006) (approving use of NCIC reports to establish past convictions and citing unpublished opinions from Fifth, Ninth, Tenth, and Eleventh Circuits approving same). However, in this case, we find dispositive the admission into evidence at sentencing of the judgment of conviction verifying the subject prior conviction. The judgment provided sufficient information to determine Scott's armed career criminal classification. See Shepard v. United States, 544 U.S. 13, 19-21 (2005); see also Farrior, 535 F.3d at 224 (affirming enhanced sentence pursuant to 21 U.S.C.

3

§ 841(b)(1)(A) (2006) where district court relied on defendant's formal conviction records to determine nature of prior conviction).

We therefore find no error in the sentencing court's classification of Scott as an armed career criminal. We accordingly affirm Scott's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>