# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2591

_____

United States of America,                  *
                                            *
              Plaintiff - Appellee,         *
                                            *   Appeal from the United States
    v.                                      *   District Court for the
                                            *   Western District of Missouri.
Thomas Boaz,                                *
                                            *
              Defendant - Appellant.        *

_____

Submitted: January 15, 2010
Filed:  March 15, 2010

_____

Before MELLOY, SMITH, and COLLOTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

A jury convicted Appellant Thomas Monroe Boaz of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  Based on prior violent felony convictions, the district court determined that Boaz was subject to the Armed Career Criminal Act, 18 U.S.C. § 924(e), and sentenced him to 190 months' imprisonment.  In a prior appeal, we reversed and remanded because the parties had erroneously stated to the district court that the record contained certain identifying information as to one of the prior violent felony convictions, a 1974 Yavapai County, Arizona conviction for brandishing a weapon other than in self-defense. United States v. Boaz, 558 F.3d 800, 809 (8th Cir. 2009).  We instructed the court on remand to

reopen the record to permit the government an opportunity to prove whether Appellant was, in fact, the same person who was named in the 1974 Arizona conviction. Id.

On remand, the district court received evidence, determined that Appellant was the subject of the 1974 conviction, and imposed the same 190-month sentence. The district court's identification determination is a factual determination that we review for clear error. See United States v. Urbina-Mejia, 450 F.3d 838, 839 (8th Cir. 2006).

A certified copy of the 1974 Arizona conviction contains no identifying information other than the name, Thomas Monroe Boaz. Appellant contends this omission is fatal to the government's case. He asserts that fingerprint evidence is required to prove that he was the same Thomas Monroe Boaz who was the subject of that conviction. We disagree.

Other evidence presented at the hearing included several subsequent records containing ample identification evidence listing not only the name, but also identifying characteristics such as height, weight, age, and tattoos. It is undisputed that these subsequent records, which included fingerprint evidence as to subsequent offenses, matched Appellant. At least one of these records contains a hearsay report from a probation officer who represented that he supervised Appellant in relation to probation for the 1974 offense. Another record contains a hearsay statement from Appellant himself claiming that he was on bond out of Prescott (a city in Yavapai County) at a time that corresponded with the period of time between arrest and conviction for the 1974 conviction. These statements show that Appellant was the same Thomas Monroe Boaz as listed in the 1974 conviction. Review of these records convinces us that, despite their age, they bear sufficient indicia of reliability to permit their use at sentencing. United States v. Sanchez-Garcia, 461 F.3d 939, 948 (8th Cir. 2006). In total, the identical names coupled with this evidence is sufficient to support the district court's finding, by a preponderance of the evidence, that Appellant is the

same Thomas Monroe Boaz who was the subject of the 1974 Yavapai County, Arizona conviction.

We affirm the judgment of the district court.

_____