# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1172

_____

United States of America,

        Appellant,

v.

Percy Eugene Webster,

        Appellee.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Nebraska.
\*
\*
\*

_____

Submitted: November 19, 2010
Filed: March 2, 2011

_____

Before RILEY, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

_____

RILEY, Chief Judge.

Pursuant to a plea agreement, Percy Eugene Webster pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In the plea agreement, Webster and the government agreed Webster was guilty of the crime, but did not agree as to the sentence applicability of the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e). At sentencing, the district court sustained Webster's objection to the use of certain documents as being noncompliant with Shepard v. United States, 544 U.S. 13 (2005), and refused to apply the ACCA to Webster's sentence. The government appeals. Because we conclude Shepard is inapplicable to this case, we reverse and remand for resentencing.

## I.    BACKGROUND

On January 18, 2009, Webster was arrested for being a felon in possession of a firearm. A grand jury later indicted Webster for the crime and alleged Webster had previously been convicted of four felony offenses: (1) a 1978 Nebraska armed robbery with a firearm, (2) a 1981 Maryland robbery, (3) a 1988 Maryland burglary, and (4) a 1999 Nebraska federal court conspiracy to distribute crack cocaine. With a plea agreement, Webster pled guilty to possessing the firearm and conceded the weapon was subject to forfeiture pursuant to 18 U.S.C. § 924(d). The plea agreement reserves for the sentencing hearing certain issues concerning Webster's criminal history category, and specifically notes Webster would be subject to a fifteen-year mandatory minimum term of imprisonment if United States Sentencing Guideline (U.S.S.G. or Guidelines) § 4B1.4 (implementing the ACCA) applies in his case.

The United States Probation Office ultimately issued a revised presentence investigation report (PSR), noting the four convictions alleged in the indictment, and calculated a total offense level of 30 and a criminal history category of VI. The PSR suggested Webster is an armed career criminal, and recommended Webster be sentenced to 180 months imprisonment. Webster objected to the PSR, denying ACCA applies because he claims he was never convicted of robbery or burglary in Maryland. After contact with the government, the PSR's author reported "[t]he government intends to offer into evidence Certified copies of [Webster's] Judgments and Commitment orders."

At sentencing, the government offered a PSR prepared in anticipation of sentencing for Webster's 1999 drug conspiracy conviction (1999 PSR), which states at paragraph 56 that "[o]n April 5, 1988, [Webster] appeared in the Circuit Court for Baltimore County, at which time he was found guilty of burglary in daytime housebreak. All other counts were nolle prosequi by the state." Webster did not object to the inclusion of paragraph 56 of the 1999 PSR. The government also offered a

record entitled "Case History" from the Circuit Court for Baltimore County, Maryland, which purports to be Webster's criminal records from that court. The case history is certified by the Clerk of the Circuit Court for Baltimore County as "a true photocopy of the original docket entries taken from the records of [that court]."[1] The government did not offer a certified copy of the Maryland court's order.[2] Rather, the case was submitted "based on what is described in the presentence report for the 1988 conviction."

The district court found the case history documents and the 1999 PSR inadmissible for the purposes of showing ACCA predicate offenses. The court held "the Shepherd [sic] analysis requires more than docket sheets and police reports." Absent proof of the Maryland convictions, Webster lacked three prior "violent felony or serious drug offense" convictions and thus was ineligible for the ACCA's sentencing enhancement. See 18 U.S.C. § 924(e)(1). The district court therefore sentenced Webster to 72 months imprisonment and 3 years supervised release. The government appeals the district court's refusal to apply the ACCA.

## II.    DISCUSSION

Citing Shepard, the district court held as a matter of law that the case history and 1999 PSR could not be considered to show Webster was convicted of burglary in 1988. The government asserts the district court erred because prior convictions need not be

---

[1]The government also offered a case history document and a police report as evidence of the 1981 Maryland robbery conviction, but does not appeal the district court's ruling as to this 1981 conviction.

[2]Webster also argues the government failed to meet its burden because the government failed to provide copies to the court of the Maryland statutes in effect at the time of conviction. Absent evidence the district court applied the wrong law, however, we find harmless error for any government failure to provide documents widely available to us all.

proven by any particular document. Because the district court's factual determination as to the existence of a conviction for a particular crime and an analysis of the statute under the formal categorical approach must precede any Shepard analysis, we agree with the government that the case must be remanded.

We review the violent felony issue de novo. See United States v. Hudson, 577 F.3d 883, 884 (8th Cir. 2009). "In determining whether a state-law offense is a violent felony, 'we apply the formal categorical approach adopted by the Supreme Court in Taylor v. United States, 495 U.S. 575, 600 [(1990)], an analysis that focuses on the statutory elements of the offense rather than the particular facts underlying the defendant's prior conviction.'" United States v. Forrest, 611 F.3d 908, 909-10 (8th Cir. 2010) (quoting United States v. Reliford, 471 F.3d 913, 915-16 (8th Cir. 2006)). It is only "[w]hen the statute giving rise to the conviction criminalizes both conduct that does and does not qualify" as a violent felony that "we apply a modified categorical approach" "in order to determine 'which portion of the statute was the basis for conviction.'" United States v. Williams, 627 F.3d 324, 327-28 (8th Cir. 2010) (quoting United States v. Ross, 613 F.3d 805, 807 (8th Cir. 2010)).

Shepard's limitation of evidence "to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" is addressed only to those situations where "a later court [is] determining the character of" the prior conviction. Shepard, 544 U.S. at 16. The limitation does not apply to antecedent factual questions such as whether the defendant was convicted of a crime at all, or of which crime the defendant was convicted. Thus, the district court here erred when it concluded Shepard did not allow the case history or the 1999 PSR to be used to show Webster was convicted of the 1988 Maryland burglary in daytime housebreak.

Our conclusion that Shepard does not preclude the use of the case history or the 1999 PSR documents to prove the fact of conviction does not resolve the factual

question. The mere fact that such documents may be considered does not mean they necessarily carry dispositive weight. In making its factual determination as to the existence of a prior conviction under a particular statute, see United States v. Perry, 437 F.3d 782, 786 (8th Cir. 2006) (holding the issue of the occurrence of a prior felony conviction is a fact question); see also Forrest, 611 F.3d at 913 ("Whether Forrest pleaded guilty to the same generic burglary offense that was charged in the criminal complaint is a question of fact."), the district court may consider the credibility of any evidence presented to it.

Whether the evidence in this case shows Webster was convicted of a Maryland burglary in 1988 is a fact question for the district court. In weighing the evidence, the district court may consider the 1999 PSR itself, Webster's failure to object to entries therein, and the reasons for Webster's failure to object. It may also weigh Webster's present denial of the conviction, the government's indication it would, but did not provide a certified copy of the judgment and commitment order, the case history document, and any other available relevant evidence. See Beavers v. Lockhart, 755 F.2d 657, 661-62 (8th Cir. 1985) (concluding certified docket entries were sufficient evidence of a prior conviction to support a jury verdict finding the defendant guilty under an Arkansas recidivism statute).

If the district court finds Webster was convicted of the 1988 Maryland burglary, it should sentence Webster pursuant to the ACCA. The case history document indicates that Webster was convicted in 1988 of "BURGLARY - INT/STEAL/NIGHT," and the "Statute" heading lists "27-30." The 1999 PSR states Webster's 1988 conviction was for "burglary in daytime housebreak." In 1988, Md. Code Ann., Crim. Law § 27-30, provided:

Breaking dwelling with intent to steal or commit felony.

(a) Every person, his aiders, abettors and counsellors, who shall break and enter any dwelling house in the nighttime with the intent to steal, take or

-5-

carry away the personal goods of another of any value therefrom shall be deemed a felon, and shall be guilty of the crime of burglary.

(b) Any person, his aiders, abettors and counsellors, who shall be convicted of the crime of breaking a dwelling house in the daytime with intent to commit murder or felony therein, or with intent to steal, take or carry away the personal goods of another of any value therefrom, shall be guilty of a felony, and upon conviction thereof, shall be sentenced to the penitentiary for not more than ten years.

Webster argues the records conflict as to whether the reported burglary occurred during the day or night, and therefore <u>Shepard</u>'s categorical analysis must be employed in order to determine under which subsection of § 27-30 Webster was convicted. We disagree.

It is unnecessary for the analysis to proceed further because *any* conviction under § 27-30 is a violent felony. After determining the fact of conviction, we first "focus[] on the statutory elements of the offense rather than the particular facts underlying the defendant's prior conviction." <u>Forrest</u>, 611 F.3d at 909-10 (quoting <u>Reliford</u>, 471 F.3d at 913 (internal quotation marks omitted)). Title 18, United States Code, Section 924(e)(2)(B)(ii) specifically includes the crime of burglary within the definition of "violent felony." A conviction under subsection (a) is thus a violent felony conviction. And although subsection (b) does not declare its violators to be burglars, it is settled "that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." <u>Taylor</u>, 495 U.S. at 599. A person "breaking a dwelling house" is engaging in an unprivileged entry of a building or structure, and the intent required to commit any of the crimes enumerated in Maryland's § 27-30(b) satisfies the intent requirement. For ACCA purposes, any § 27-30 conviction is a violent felony. Because the statute does not embrace any conduct that does not qualify as a violent felony, there is no need to determine which

portion of the statute was the basis for conviction.  <u>Shepard</u>'s modified categorical approach, and its attendant evidentiary limitations, are not relevant to this sentencing analysis.

## III.    CONCLUSION

We reverse Webster's sentence and remand the case for resentencing consistent with this opinion.

_____