# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2415

_____

United States of America,       *
      *
      Appellee,       *
      *    Appeal from the United
      v.       *    States District Court for the
      *    District of Nebraska.
Percy Eugene Webster,       *
      *
      Appellant.       *

_____

Submitted: November 17, 2011
Filed: December 5, 2011

_____

Before RILEY, Chief Judge, BEAM and BYE, Circuit Judges.

_____

RILEY, Chief Judge.

Pursuant to a plea agreement, Percy Eugene Webster pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and conceded the firearm was subject to forfeiture under 18 U.S.C. § 924(d). We reversed Webster's original sentence and remanded the case for resentencing because the district court failed to consider evidence of a prior conviction for the purpose of imposing a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). See United States v. Webster, 636 F.3d

916, 917, 920 (8th Cir. 2011) (Webster I).  On remand, the district court[1] determined Webster was subject to the mandatory minimum sentence under the ACCA because Webster had been convicted of three prior violent felonies.  The district court then sentenced Webster to 180 months imprisonment and three years of supervised release.  Webster now appeals, arguing the district court clearly erred in finding he had three prior convictions for violent felonies.[2]  We affirm.

## I.    BACKGROUND

Webster was arrested on January 18, 2009 for being a felon in possession of a firearm.  In addition to charging Webster with violating § 922(g) and seeking forfeiture under § 924(d), the indictment alleged Webster had been convicted of four felonies: (1) a 1978 conviction in Nebraska for armed robbery with a firearm; (2) a 1981 conviction in Maryland for robbery; (3) a 1988 conviction in Maryland for burglary; and (4) a 1999 federal conviction for conspiracy to distribute crack cocaine.  Webster pled guilty, but reserved the right to contest whether he would be subject to the mandatory minimum sentence under the ACCA.

The presentence investigation report (PSR) calculated a total offense level of 30 and a criminal history category of VI, based on the four convictions noted in the indictment. Webster objected to the applicability of the ACCA mandatory minimum sentence.

At Webster's first sentencing hearing, the district court (1) excluded the government's evidence of the 1981 Maryland robbery conviction—the government

---

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

[2]Although Webster prefers application of the beyond a reasonable doubt burden of proof for the government, the applicable burden of proof for sentencing is preponderance of the evidence.  See, e.g., Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); United States v. Villareal-Amarillas, 562 F.3d 892, 897-98 (8th Cir. 2009).

did not appeal this ruling in <u>Webster I</u>, and it is not pertinent here—and (2) found the government's evidence of the 1988 Maryland burglary conviction inadmissible under <u>Shepard v. United States</u>, 544 U.S. 13 (2005). To prove the 1988 burglary conviction, the government offered a certified copy of the case history for the 1988 conviction and a PSR prepared for Webster's 1999 conspiracy conviction (1999 PSR). The case history, which is similar to a docket report, identifies the defendant as Percy Eugene Webster. Count three is "BURGLARY - INT/STEAL/NIGHT," in violation of section "27-30." Count three's "Class Disp" and "Plea" are listed as the letter "G."[3] The final page of the case history says Webster pled guilty to count three and the disposition was guilty. The government offered the 1999 PSR into evidence because paragraph 56 indicates Webster was found guilty of burglary on April 5, 1988 in Maryland. Webster did not object at that time to including paragraph 56 in the 1999 PSR.

Without the Maryland convictions, the district court determined the ACCA mandatory minimum sentence did not apply. The district court then sentenced Webster to 72 months imprisonment, to run consecutively to Webster's prior sentence for violation of supervised release.

The government appealed the district court's ruling regarding the evidence of the 1988 conviction. We reversed the district court, holding the government could use the case history or the 1999 PSR "to prove the fact of conviction." <u>Webster I</u>, 636 F.3d at 919. We noted <u>Shepard</u>'s limitation of evidence "does not apply to antecedent factual questions such as whether the defendant was convicted of a crime at all, or of which crime the defendant was convicted." <u>Id.</u> We remanded the case to the district court to determine whether the evidence was sufficient to prove Webster was convicted of the 1988 burglary. <u>Id.</u> at 919-20. We concluded that "[i]f the district court finds Webster was convicted of the 1988 Maryland burglary, it should sentence

_____

[3]The district court later surmised that the "G" meant Webster had been found guilty of count three.

Webster pursuant to the ACCA" because any "§ 27-30 conviction is a violent felony" within the meaning of the ACCA. Id. at 920.

On remand, the district court admitted the 1988 case history and the 1999 PSR as evidence of the 1988 burglary. The district court gave no weight to the 1999 PSR, reasoning Webster had no incentive to object to the 1999 PSR even if it contained untrue statements. Nonetheless, the district court found the case history established the 1988 conviction by a preponderance of the evidence because it referred to Webster's conviction for burglary multiple times and was "internally consistent with respect to" the conviction. Finding the ACCA minimum sentence applied, the district court then sentenced Webster to 180 months imprisonment, to run concurrently with Webster's sentence for violation of supervised release, and three years of supervised release.

Webster appeals his new sentence. Webster admits the case history shows "he was convicted of something in Maryland in 1988," but contends the government did not prove the conviction was for burglary, rather than some other crime.

## II.    DISCUSSION

We review for clear error the district court's factual finding that Webster was convicted of burglary in 1988. See United States v. Turner, 431 F.3d 332, 337 (8th Cir. 2005). The district court did not clearly err in finding the government proved the 1988 burglary conviction by the preponderance of the evidence.

Webster first claims the case history is not reliable and not "within the acceptable category of documents recognized in Shepard." We already rejected this contention in Webster I. See Webster I, 636 F.3d at 919. Webster next argues the misstatement of Webster's date of birth casts doubt on the accuracy of the rest of the case history. The district court was justified in rejecting this argument. Webster

admits the case history refers to him, and the district court found the case history's multiple references to the burglary conviction to be internally consistent.

The district court properly applied the ACCA enhancement. See Webster I, 636 F.3d at 920 (noting "[f]or ACCA purposes, any § 27-30 conviction [for burglary] is a violent felony").

## III. CONCLUSION

We affirm.

_____