**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-4860**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ERNEST JAMES MCDOWELL, JR.,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, Chief District Judge. (5:10-cr-00296-FL-1)

─────────────

Argued: October 25, 2012         Decided: November 28, 2012

─────────────

Before KING and FLOYD, Circuit Judges, and R. Bryan HARWELL, United States District Judge for the District of South Carolina, sitting by designation.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

**ARGUED:** Stephen Clayton Gordon, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Yvonne Victoria Watford-McKinney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ernest James McDowell, Jr. pled guilty to possession with intent to distribute heroin and being a felon in possession of a firearm. On August 8, 2011, the district court sentenced him to 213 months of imprisonment and five years of supervised release. On appeal, McDowell alleges the district court erred by sentencing him as an armed career criminal. For the reasons that follow, we vacate McDowell's sentence and remand to the district court for resentencing.

I.

On August 6, 2010, federal agents stopped McDowell as he was driving and found eighteen bundles of heroin in his possession, while searches in other locations uncovered additional heroin and a .44 caliber revolver.

A grand jury indicted McDowell for possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). McDowell pled guilty to both counts. In the presentence investigation report ("PSR"), the probation officer recommended that the district court sentence McDowell as an armed career criminal based upon his prior convictions.

3

The district court held McDowell's sentencing hearing on August 8, 2011. The PSR listed, among other convictions, a 1971 second-degree assault conviction from the Bronx County Supreme Court in New York. According to the Government, the PSR relied on a criminal record check to show the previous conviction.[1] McDowell objected to the use of this conviction to classify him as an armed career criminal because a criminal record check is insufficient to prove the prior conviction, and because the criminal record check showed a conviction in the name "Michael McDonald" rather than the name "Ernest James McDowell."

Relying primarily upon information gleaned from the criminal record check, the district court overruled McDowell's objection and sentenced him as an armed career criminal.

## II.

Under the Armed Career Criminal Act ("ACCA"), a defendant is an armed career criminal if he has at least three prior convictions for violent felonies or serious drug offenses "committed on occasions different from one another." 18 U.S.C. §

---

[1] In its brief, the Government references a criminal record check from New York, commonly referred to as a "rap sheet." However, during oral argument, the Government explained that although the original New York records from the 1971 conviction were no longer available, the PSR relied on a report produced by the National Crime Information Center ("NCIC") to show the previous conviction.

924(e)(1) (2006); U.S.S.G. § 4B1.4(a) (2011). The Government bears the burden of proving an ACCA predicate conviction by a preponderance of the evidence. United States v. Harcum, 587 F.3d 219, 222 (4th Cir. 2009). The parties do not dispute that the underlying convictions at issue, the 1971 conviction for second-degree assault, the 1986 conviction for common law robbery, and the 1986 conviction for robbery with a dangerous weapon, constitute predicate convictions under ACCA. See 18 U.S.C § 924(e)(2). The parties dispute whether the Government sufficiently proved that McDowell was convicted in 1971 for second-degree assault. We review the district court's factual findings for clear error and its classification of McDowell as an armed career criminal *de novo.* United States v. Farrior, 535 F.3d 210, 223 (4th Cir. 2008).

McDowell first argues that the district court erred in considering the criminal record check because it was not among the "limited list" of documents referenced in Shepard v. United States, 544 U.S. 13 (2005). However, McDowell misstates Shepard's holding. In Shepard, the Supreme Court held that a sentencing court may not look beyond the charging document or certain other limited documents to determine whether a prior offense qualifies as a predicate conviction under ACCA. Shepard, 544 U.S. at 26. Shepard "did not address what documents can be used to prove the *fact of a prior conviction*, but was concerned

5

only with what documents can be used to prove *the facts underlying a conviction* where the elements of the state crime do not precisely mirror the federal definition." United States v. Zuniga-Chavez, 464 F.3d 1199, 1203 (10th Cir. 2006) (emphasis in original); see also United States v. Carter, 591 F.3d 656, 661 (D.C. Cir. 2010); United States v. Sanders, 470 F.3d 616, 623-24 (6th Cir. 2006). The issue in this case is whether McDowell had a 1971 second-degree assault conviction, not whether the second-degree assault conviction amounts to a "violent felony" under ACCA. Shepard does not apply.

McDowell next argues that the district court erred in finding that McDowell was convicted in 1971 for second-degree assault because its finding rested on unreliable information, notably the criminal record check. Pursuant to the Guidelines, "[i]n resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information . . . provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a) (2011); see also United States v. Scott, 343 Fed. App'x 930, 930-31 (4th Cir. 2009).

Here, the criminal record check was never made part of the record before the district court or part of the record on appeal. Indeed, the Government conceded at oral argument that there was no "evidence" in the record that McDowell was

6

convicted for second-degree assault in 1971, only argument before the district court. Therefore, the district court erred in determining the fact of McDowell's 1971 conviction, and thus in classifying McDowell as an armed career criminal and so sentencing him under ACCA.

III.

For the foregoing reasons, we vacate McDowell's sentence and remand to the district court for resentencing.[2]

VACATED AND REMANDED

---

[2] In an unpublished case, we have recognized that several other courts have approved the use of NCIC reports to establish prior convictions. See United States v. Scott, No. 08-4888, 2009 WL 2758074, at *1 (4th Cir. Sept. 2, 2009). Here, however, neither the criminal record check nor the original judgment of conviction was made part of the record. Thus, we do not address McDowell's argument that criminal record checks, such as the NCIC report apparently used in this case, are unreliable for purposes of proving the fact of an ACCA predicate conviction.