# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3302

_____

United States of America

*Plaintiff - Appellee*

v.

Timothy A. Thornton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 13, 2014
Filed: September 9, 2014

_____

Before MURPHY, COLLOTON, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Timothy Thornton pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Based on Thornton's criminal history, the presentence investigation report (PSR) recommended that he qualified as an "armed career criminal" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). Over Thornton's objection, the district court agreed and sentenced him to 15 years' imprisonment, the ACCA's mandatory minimum.

Because we conclude Thornton lacked the three predicate offenses necessary to be considered an armed career criminal, we vacate his sentence and remand to the district court for resentencing.

## I. Background

The ACCA imposes a 15-year mandatory minimum prison sentence for those defendants who unlawfully possess a firearm following three or more convictions for serious drug offenses or violent felonies. 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as any crime that is punishable by more than one year of imprisonment and:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Id. § 924(e)(2)(B).

The PSR showed that Thornton had several prior felony offenses, including a 1992 Kansas conviction for burglary; a 1998 Colorado conviction for burglary; a 2000 Missouri burglary for which he received a suspended imposition of sentence (SIS); and a 2003 Missouri conviction for manufacturing methamphetamine. The PSR stated that all four constituted qualifying predicate offenses for purposes of the ACCA and concluded Thornton was consequently an armed career criminal subject to an enhanced sentence under the ACCA.

Thornton conceded he sustained two of the three prior convictions necessary for the sentence enhancement: the 1998 Colorado conviction for burglary and the

-2-

2003 Missouri conviction for manufacturing methamphetamine. But in objecting to the PSR, Thornton argued the other two offenses are not predicate offenses for purposes of the ACCA. First, Thornton argued that the Missouri SIS for burglary is not a conviction under Missouri law and therefore could not serve as a predicate offense for purposes of the ACCA. Second, as to his Kansas burglary conviction, Thornton asserted that the 1992 Kansas burglary statute is over-inclusive, criminalizing conduct that both is and is not a violent felony; and at sentencing, the government failed to prove which subsection of the Kansas burglary statute Thornton in fact pleaded guilty to. Lastly, Thornton claimed that his prior convictions needed to be pleaded and proven to a jury beyond a reasonable doubt. The district court disagreed with all of Thornton's arguments and sentenced him to 15 years' imprisonment under the ACCA. 18 U.S.C. § 924(a)(2).

## II. Discussion

Thornton renews his arguments on appeal. The government concedes that the Missouri SIS is not a "conviction" for purposes of the ACCA and thus is not a predicate offense.[1] Consequently, the only questions remaining on appeal are (1) whether the 1992 Kansas burglary conviction is a predicate offense, and (2) whether

---

[1]We agree. First, "[w]hat constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). Second, under Missouri law, an SIS does not constitute a conviction. See, e.g., Yale v. City of Independence, 846 S.W.2d 193, 196 (Mo. 1993) (en banc) ("The word 'conviction,' standing alone, does not include the disposition of a 'suspended imposition of sentence'. . . [even] in legislative enactments where it may be used as a predicate for punitive action in a collateral proceeding."). The Supreme Court of Missouri has explained that "[t]he obvious legislative purpose of the sentencing alternative of suspended imposition of sentence is to allow a defendant to avoid the stigma of a lifetime conviction and the punitive collateral consequences that follow." Id. at 195.

the "fact" of Thornton's prior convictions had to be submitted to a jury and proven beyond a reasonable doubt.

## A.

"Burglary" is one of the offenses specifically enumerated as a violent felony in 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has defined generic "burglary" for purposes of the ACCA as "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990); see also Shepard v. United States, 544 U.S. 13, 15–16 (2005) ("The [ACCA] makes burglary a violent felony only if committed in a building or enclosed space . . . .'"). In order to determine whether Thornton's past conviction fits this definition of generic burglary, "we apply the 'categorical approach,' under which we 'look only to the fact of conviction and the statutory definition of the prior offense.'" United States v. Tucker, 740 F.3d 1177, 1179 (8th Cir. 2014) (quoting Taylor, 495 U.S. at 602). "The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." Descamps v. United States, 133 S. Ct. 2276, 2281 (2013).

Thornton admits he was convicted of burglary, in violation of Kan. Stat. Ann. § 21-3715 (1992), which, at the time, criminalized knowingly and without authority entering any:

> (1) building, manufactured home, mobile home, tent or other structure with intent to commit a felony or theft therein; or (2) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony or theft therein.

Kan. Stat. Ann. § 21-3715 (1992). This statute "sets out one or more elements of the offense in the alternative," Descamps, 133 S. Ct. at 2281, not all of which fit the

-4-

Supreme Court's definition of generic burglary in Taylor. We do not know "just from looking at the statute, which version of the offense [Thornton] was convicted of." Id. at 2284. Consequently, the district court was permitted to apply the modified categorical approach to determine whether Thornton pleaded guilty to a crime of generic burglary for purposes of the ACCA, which meant the district court's inquiry "[wa]s limited to the terms of the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard, 544 U.S. at 26; see also United States v. Soileau, 686 F.3d 861, 866 (8th Cir. 2012) (utilizing the modified categorical approach to determine the nature of the defendant's prior convictions for purposes of the ACCA). The court looks to Shepard documents "*only* to determine which part of the statute the defendant violated." United States v. Howell, 531 F.3d 621, 622–23 (8th Cir. 2008). Thornton contends that even after reviewing the Shepard documents offered at sentencing, the district court was left with insufficient evidence to determine which subsection of the 1992 Kansas burglary statute he pleaded guilty to. As a result, Thornton argues, the government failed to offer sufficient evidence to support a finding that his prior Kansas burglary conviction qualified as a violent felony for purposes of the ACCA.

We review de novo whether a prior conviction qualifies as a violent felony for purposes of the ACCA. See United States v. Brown, 734 F.3d 824, 825 (8th Cir. 2013). In this case, however, the issue before us is whether Thornton's prior Kansas conviction was based on a guilty plea to a subsection of the statute that qualifies as generic burglary. "Thus, the issue is whether the government proved by a preponderance of the evidence that [Thornton] pleaded guilty to a qualifying generic burglary offense with judicial records permitted under the modified categorical approach of [Shepard]." United States v. Forrest, 611 F.3d 908, 913 (8th Cir. 2010); see also United States v. Ossana, 679 F.3d 733, 736 (8th Cir. 2012) ("When reviewing the *Shepard*-qualifying materials surrounding a prior conviction, we

employ the preponderance of the evidence standard to determine the discrete subsection of a criminal statute at issue."). On this issue, we review the district court's findings for clear error. See United States v. Webster, 662 F.3d 1016, 1018 (8th Cir. 2011).

The only judicial records offered at sentencing were a complaint, dated August 26, 1992, and various journal entries. Count II of the complaint alleges Thornton "unlawfully, feloniously, willfully, knowingly and without authority [did] enter into, remain within a building, mobile home, tent, or other structure, to-wit: Bob's Conoco, with the intent to commit a felony theft, to-wit: miscellaneous change." However, the journal entry from Thornton's guilty plea on October 8, 1992, explains that Thornton pleaded guilty to a criminal information, not a complaint. Kansas does not use these terms interchangeably, though they may serve a similar function. See Kan. Stat. Ann. § 22-3201 ("The complaint, information or indictment shall be a plain and concise written statement of the essential facts constituting the crime charged, which complaint, information or indictment, drawn in the language of the statute, shall be deemed sufficient."). Thus, while the government offered evidence of a charging document, it did not offer evidence of the charging document to which Thornton pleaded guilty.

The additional journal entries offered in this case did not provide much additional information to assist in this inquiry. The state court's journal entry for the plea hearing simply states that Thornton pleaded guilty to Count II of the information: burglary, in violation of Kan. Stat. Ann. § 21-3715 (1992); the entry for the sentencing hearing adds nothing substantive to the journal entry for the plea hearing. To the extent these are "comparable judicial records," they are unable to provide the necessary information to determine whether Thornton pleaded guilty to generic burglary. See Shepard, 544 U.S. at 26 (including "comparable judicial records" as documents to be utilized in determining whether a conviction qualifies under the ACCA); see also Forrest, 611 F.3d at 913 (holding that the district court did not err

in finding the record sufficient to conclude prior conviction qualified as a violent felony for purposes of the ACCA, as the evidence was sufficient to conclude the criminal action charged in one court was the basis for a judgment against the defendant in a different court).

We conclude that Shepard requires more than what the government offered at sentencing in this case. A charging document (a complaint) was submitted, but the parties agree that it is not the charging document (an information) to which Thornton pleaded guilty. See United States v. Martinez, 756 F.3d 1092, 1097 (8th Cir. 2014) (concluding district courts must rely on the document setting forth the charge under which the defendant was convicted, as opposed to a pre-amendment information setting forth a charge of which he was not convicted, as "[a] court may use the modified approach *only* to determine which alternative element in a divisible statute formed the basis of the defendant's *conviction*" (quoting Descamps, 133 S. Ct. at 2293)). The additional documents submitted in the form of journal entries fail to provide a sufficient link between the complaint and the information or to offer any other information upon which the district court could rely when determining whether Thornton pleaded guilty to a generic burglary for purposes of the ACCA. Cf. Soileau, 686 F.3d at 866 (The available Shepard documents "contained sufficient information to show Soileau's prior simple burglary convictions qualified as violent felonies. Therefore, the court did not need to analyze all of the documents permissible under the modified categorical approach."). Based on the record before us, we conclude the district court lacked sufficient information upon which to find that Thornton pleaded guilty to generic burglary, a qualifying violent felony for purposes of the ACCA.

**B.**

Thornton also relies upon the recent decision of Alleyne v. United States, 133 S. Ct. 2151 (2013), as the basis for his final argument that since he did not admit that he had three prior convictions for violent felony offenses at his guilty plea, the "fact"

of having three prior convictions for violent felony offenses needed to be submitted to a jury and proven beyond a reasonable doubt. Because we reverse and remand on other grounds, this argument is no longer apposite. Nevertheless, as we have previously stated, "[T]he Court in Alleyne left intact the rule that enhancements based on the fact of a prior conviction are an exception to the general rule that facts increasing the prescribed range of penalties must be presented to a jury." United States v. Abrahamson, 731 F.3d 751, 752 (8th Cir. 2013), cert. denied, 134 S. Ct. 1565 (2014).

## III. Conclusion

Accordingly, we vacate the district court's sentence and remand for resentencing.

_____