# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1609

_____

Thomas Boaz

*Movant - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: June 10, 2015
Filed: June 29, 2015
[Unpublished]

_____

Before GRUENDER, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Three years after his conviction became final, Thomas Boaz filed a petition for relief pursuant to 28 U.S.C. § 2255. He alleged Descamps v. United States, 133 S. Ct. 2276 (2013), created a "newly recognized [right] . . . made retroactively applicable to cases on collateral review," 28 U.S.C. § 2255(f)(3), that should excuse the

untimeliness of his petition. Because <u>Descamps</u> did not make any new argument available to Boaz, we affirm the dismissal of his petition as untimely.

I.

In 2006, a jury convicted Boaz of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). At that time, the district court sentenced him as an armed career criminal pursuant to 18 U.S.C. § 924(e), finding that he previously had been convicted of three violent felonies, including an Arizona conviction for burglary under Ariz. Rev. Stat. Ann. § 13-1506 (1978). On appeal, we held the burglary conviction qualified as a violent felony. <u>United States v. Boaz</u>, 558 F.3d 800, 806–07 (8th Cir. 2009). Boaz also appealed as to one of the other predicate offenses, arguing the state court record as presented at his federal sentencing failed to establish he was the person convicted in the prior state court proceedings. <u>Id.</u> at 808–09. We vacated his sentence and remanded for the district court to address the identity issue. <u>Id.</u> at 809. On remand, the district court rejected Boaz's arguments on the identity issue and, again, sentenced him as an armed career criminal. He unsuccessfully appealed the identification issue to our court. <u>United States v. Boaz</u>, 598 F.3d 936 (8th Cir. 2010). The Supreme Court subsequently denied his petition for writ of certiorari on October 4, 2010, at which time his conviction became final. <u>Boaz v. United States</u>, 562 U.S. 874 (2010).

Almost three years later, on September 3, 2013, Boaz filed the present petition for relief pursuant to 28 U.S.C. § 2255. Recognizing that his petition would otherwise be barred by the one-year limitation period of § 2255(f)(1), Boaz argued that the Supreme Court's opinion in <u>Descamps</u> created a new rule of law that triggered

a new one-year limitation period pursuant to § 2255(f)(3).[1] The district court denied relief.[2]

## II.

We review de novo the district court's determination that a § 2255 petition is untimely. Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008).

A crime alleged as a qualifying predicate offense is overinclusive if it criminalizes both conduct that qualifies as a violent felony and conduct that does not. See Descamps, 133 S. Ct. at 2281. An overinclusive offense is "divisible" if it lists separate, alternative elements to identify the different manners in which the offense may be committed. Id. An overinclusive offense is not divisible if, without setting forth alternative elements to define the offense, it broadly encompasses both conduct that qualifies as a violent felony and conduct that does not. Id.

Prior to Descamps, it was well established that the modified categorical approach could be used to examine limited materials to determine whether a prior conviction for an overinclusive offense qualified as a violent felony. See Shepard v. United States, 544 U.S. 13, 26 (2005). In Descamps, the Supreme Court clarified that the modified categorical approach could be used only where the underlying overinclusive offense was divisible. 133 S. Ct. at 2285. Therefore, both before and after Descamps, the modified categorical approach could be used to assess whether a divisible and overinclusive offense qualified as a violent felony.

---

[1]Boaz raised other issues, but they are not within the scope of his certificate of appealability and are not properly before our court.

[2]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

Boaz argues that the Arizona statute at issue is divisible in that it sets forth alternative elements for obtaining a conviction. Because <u>Descamps</u> did not change the analysis employed to assess whether a divisible and overinclusive statute defines a violent felony, <u>Descamps</u> presents no new rule material to Boaz's argument. As such, <u>Descamps</u> cannot excuse the untimeliness of Boaz's § 2255 petition.

We affirm the judgment of the district court.

_____