# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3094
_____

United States of America

*Plaintiff - Appellee*

v.

Courtney Witherspoon

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: April 15, 2020
Filed: September 9, 2020
_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.
_____

LOKEN, Circuit Judge.

Courtney Witherspoon pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Presentence Investigation Report ("PSR") recommended that he be sentenced under the Armed Career Criminal Act ("ACCA") because he had three prior qualifying convictions, a 1997 Missouri "violent felony" conviction for first degree robbery, and two Missouri convictions that qualified as "serious drug offenses." See 18 U.S.C. § 924(e)(1). In describing

the 1997 robbery conviction, the PSR stated: "A request for court records has gone unanswered; therefore, charging documents are unavailable."

Witherspoon did not object to the PSR's listing of the 1997 robbery conviction as part of his criminal history, but he did object "that his prior criminal history contains no convictions which meet the definition of crime of violence or serious drug offense." The Probation Officer responded stating that Witherspoon in St. Louis County Circuit Court Docket No. 2196R-03015-01 was convicted of violating Mo. Rev. Stat. § 569.020, "the crime of robbery in the first degree." At sentencing, defense counsel, noting that the PSR stated "the charging documents are unavailable," argued "there is a lack of proof" Witherspoon is an armed career criminal. The district court[1] asked: "you're not saying there's a lack of proof as to the conviction itself; it's just that the charging document and exactly what the charging document says is what we don't have; correct?" Counsel responded, "Yes, your honor." The court then determined that the 1997 robbery conviction was for a violent felony and imposed the mandatory minimum ACCA sentence of 180 months imprisonment. Witherspoon appeals, arguing the district court erred in sentencing him as an armed career criminal. We disagree and therefore affirm.

The issues raised in this appeal cover ground well traveled. In determining whether Witherspoon has a qualifying "violent felony" conviction, the first question is factual -- did the government prove by a preponderance of the evidence that Witherspoon was convicted of the 1997 robbery in question? We review the district court's finding that he has the prior conviction for clear error. See United States v. Thornton, 766 F.3d 875, 878 (8th Cir. 2014). The second question is primarily legal -- did the government prove the conviction was for a qualifying violent felony offense? "In determining whether a state-law offense is a violent felony, we apply

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

the formal categorical approach adopted by the Supreme Court in Taylor v. United States, 495 U.S. 575, 600, an analysis that focuses on the statutory elements of the offense rather than the particular facts underlying the defendant's prior conviction." United States v. Forrest, 611 F.3d 908, 909-10 (8th Cir. 2010) (cleaned up). When the state statute proscribed discrete sets of elements, only some of which would qualify, we examine a limited universe of materials, including the charging document, to determine whether the defendant was convicted of a violent felony alternative. Id. at 910; see Shepard v. United States, 544 U.S. 13, 16 (2005).

1. Addressing the first question, Witherspoon argues, relying on Shepard, that without a charging document the government failed to prove the 1997 robbery conviction. However, "Shepard's limitation of evidence . . . . does not apply to antecedent factual questions such as whether the defendant was convicted of a crime at all, or of which crime the defendant was convicted." United States v. Webster, 636 F.3d 916, 919 (8th Cir. 2011). For these antecedent questions, the normal rule governing sentencing determinations applies: "A court may consider any evidence in its sentencing determination that has sufficient indicia of reliability to support its probable accuracy." United States v. Urbina-Mejia, 450 F.3d 838, 840 (8th Cir. 2006) (quotation omitted); see United States v. Roach, 164 F.3d 403, 414 (8th Cir. 1998) (upholding the use of computer records to establish a prior conviction for which court records no longer existed); cf. USSG § 6A1.3(a). Our sister circuits that have considered the question agree. See United States v. McDowell, 745 F.3d 115, 120-21 (4th Cir. 2014), cert. denied, 574 U.S. 1073 (2015); United States v. Carter, 591 F.3d 656, 661-62 (D.C. Cir.), cert. denied, 560 U.S. 918 (2010); United States v. Bryant, 571 F.3d 147, 153-55 (1st Cir. 2009) (collecting cases).

Here, Witherspoon did not object to the PSR's recitation that he was, in fact, convicted of the 1997 robbery offense. For that reason alone, the district court was entitled to treat that fact as established. See, e.g., United States v. Trevino, 829 F.3d 668, 675 (8th Cir. 2016). Moreover, when the court stated at sentencing, "you're not

saying there's a lack of proof as to the conviction itself," defense counsel agreed. In these circumstances, the government did not need to produce additional evidence of the robbery conviction, let alone the charging document. We have held that a charging document can provide "sufficient evidence to support a finding that the defendant was necessarily convicted" of a violent felony offense. United States v. Hataway, 933 F.3d 940, 944 (8th Cir. 2019). But no case has held that the government *must* produce the charging document to establish the fact of conviction.

2. Turning to the second question, Witherspoon argues there is "insufficient documentary or evidentiary support to classify the [1997] burglary as generic" under Taylor. However, the 1997 conviction at issue was for multiple offenses including, in addition to burglary, first degree robbery in violation of Mo. Rev. Stat. § 569.020.1 (1979). The critical element of this offense was a person who "forcibly steals property" under circumstances that include one or more aggravating factors such as causing serious physical injury.[2] In United States v. Swopes, 886 F.3d 668, 670-72 (8th Cir. 2018) (en banc), cert. denied, 139 S. Ct. 1258 (2019), based on the "forcibly steals" element, we held that Missouri second degree robbery categorically qualifies as a violent felony under the ACCA because it involved the "use, attempted use, or threatened use of physical force." 18 U.S.C. § 924(e)(2)(B)(i). First degree robbery contained that same element. Therefore, we held in United States v. Shine that first degree robbery categorically qualified as a "crime of violence" under the parallel elements (force) clause in the Sentencing Guidelines. 910 F.3d 1061, 1063 (8th Cir. 2018). These precedents establish that Witherspoon's 1997 first degree robbery conviction categorically qualified as a violent felony under the ACCA's elements clause. See, e.g., Stokeling v. United States, 139 S. Ct. 544, 555 (2019).

---

[2]Missouri has since amended its first and second degree robbery statutes. See Mo. Rev. Stat. §§ 570.023, 570.025.

When a statutory offense *categorically* qualifies as a violent felony, review of the limited materials authorized by <u>Shepard</u>, such as the charging document, is unnecessary. The offense is a violent felony, and the prior conviction is a qualifying predicate under the ACCA. Accordingly, the district court did not err in sentencing Witherspoon as an armed career criminal.

The judgment of the district court is affirmed.

_____